STATE *ex rel.* WILLIAM C. LEGG,

*alias* WILLIAM C. BALDWIN

*v.*

OTTO C. BOLES, *Warden,*

WEST VIRGINIA PENITENTIARY

(No. 12305)

Submitted February 4, 1964.     Decided March 17, 1964.

BERRY, JUDGE, dissenting.

*Stephen P. Meyer,* for relator.

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for respondent.

CAPLAN, JUDGE:

The petitioner, William C. Legg, alias William C. Baldwin, invoked the original jurisdiction of this Court by filing herein his petition praying for a writ of habeas corpus ad subjiciendum. On January 13, 1964, the writ was issued, returnable on February 4, 1964, and counsel was appointed to represent the petitioner. On the return day the Attorney General, appearing for the respondent, produced the petitioner and filed a return and demurrer to the petition. Also filed was a stipulation of facts signed by counsel for the parties hereto. The case was thereupon submitted for decision upon the aforesaid pleadings and

stipulation of facts and upon the briefs and arguments of counsel.

At the January Term, 1963, of the Intermediate Court of Kanawha County, the petitioner was indicted for the crime of attempted murder. Upon his arraignment he entered a plea of guilty to the charge in the indictment. Thereafter, on March 28, 1963, the prosecuting attorney filed an information charging the petitioner with two prior felony convictions.

Having entered a plea of not guilty to the charges in the information, a jury was empaneled and the issue was tried. The jury found the petitioner to be the same person as that named in the information. On May 9, 1963, the petitioner's motion to set aside the verdict and grant him a new trial was overruled and he was sentenced to life imprisonment.

On July 15, 1963, the petitioner filed in the Intermediate Court of Kanawha County his petition requesting a free transcript of the record of his trial upon the information. This petition was prepared without the aid of counsel and stated as the reason for his request "to seek an appeal in habeas corpus for U. S. Federal Constitutional Warrant to issue against the detention or writ of error from the Court's judgment of said conviction." The court, on the same day, entered an order directing the court reporter to furnish the transcript to the petitioner without cost. Although the court reporter advised the petitioner by letter that he would forward to him the transcript by the latter part of August, such transcript was not supplied, or even prepared, until January 27, 1964. At that time the four months appeal period had expired and the transcript was of no avail.

It is the contention of the petitioner that he has complied with the provisions of Code, 1931, 51-7-7, as amended, relating to the acquiring of a transcript of a trial for the purpose of appeal, and that the court's failure to grant his request constitutes a denial of his constitutional rights under the Fourteenth Amendment.

The respondent readily admits that by virtue of the provisions of Code, 1931, 51-7-7, as amended, and a series of decisions by the Supreme Court of the United States, beginning with *Griffin* v. *Illinois,* 351 U. S. 12, 76 S. Ct. 585, 100 L. ed. 891, the refusal to furnish an indigent defendant a transcript of the record of his trial to enable him to apply for an appeal is a violation of the Fourteenth Amendment. It is asserted, however, by the respondent that the reason the petitioner did not receive the requested transcript in time to prosecute his appeal was due to the failure of the court reporter to furnish it after he was directed by the court to do so. He concludes therefrom that the State was not at fault and that there was not, therefore, a violation of any of the petitioner's constitutional rights. Cited in support of this proposition are *United States* v. *Pate,* 318 F. 2d 559, and *Norvell* v. *Illinois,* 373 U. S. 420, 83 S. Ct. 1366, 10 L. ed. 2d 456. In the *Pate* case the court reporter was unable to locate his shorthand notes of the trial. The Court of Appeals for the Seventh Circuit held that no hostility or invidiousness was shown to exist on the part of the State, that it was impossible to produce the transcript, and that since the State was not at fault the petitioner's rights under the Fourteenth Amendment were not violated. In the *Norvell* case the defendant was convicted of murder in 1941. He did not appeal at that time and in 1956 moved that the court furnish him with a free stenographic transcript of his trial. The official reporter had died and no one was able to read his shorthand notes. The Supreme Court held that the petitioner was not deprived of any constitutional right because of the impossibility of furnishing the requested transcript, and for the further reason that although he had an attorney when convicted he failed to appeal such conviction at that time. Neither of these cases, in our opinion, is applicable to the case before us.

Although it may not have been written in the best form, Legg's petition for a transcript complied with the requirements prescribed in Code, 1931, 51-7-7, as amended. He stated therein that he desired the transcript for the purpose of prosecuting a writ of error in relation to his con-

viction. He set forth the grounds upon which his appeal or writ of error would be sought and in all respects complied with the requirements of the statute. In the recent case of *State ex rel. Banach* v. *Boles,* 147 W. Va. 850, 131 S. E. 2d 722, this Court unequivocally held that a convicted defendant, upon complying with the statute, is entitled to a free transcript of the record of his trial for use in seeking an appeal. See also *Linger* v. *Jennings,* 143 W. Va. 57, 99 S. E. 2d 740. The fact that the petitioner in this case was charged by information instead of indictment is immaterial. He was nonetheless entitled to apply for an appeal. It is stated in Code, 1931, 58-5-1, that an appeal may be obtained from the Supreme Court of Appeals in any case involving one's freedom. Certainly, this petitioner, having been sentenced to life imprisonment under the information, is a party to a case involving his freedom.

The only question with which we are confronted here is whether the failure of the court reporter to supply the transcript resulted in a violation of the petitioner's constitutional rights. The title of Chapter 51, Code of West Virginia, is "Courts and their Officers". Article 7 thereunder is designated "Official Reporters". Under the provisions of that article the judges of trial courts are authorized to appoint reporters to take and report any proceedings and testimony given in any case. In Section 1 of Article 7 such person appointed is designated the "Official Reporter" of the court for which he shall be appointed. The language of Code, 1931, 51-7-1, and its inclusion in the chapter designated "Courts and their Officers", clearly shows that the court reporter is an officer of the court and acts in its behalf.

No question exists here as to any impossibility on the part of the court reporter to supply the transcript to the petitioner. He merely failed to do so. The court reporter, being an officer of the court, acts for the court, and consequently for the State, and his refusal to furnish petitioner with a transcript of the record of his trial constitutes a violation of petitioner's constitutional rights under the Fourteenth Amendment. By reason thereof the peti-

tioner is entitled to relief from the sentence imposed at the trial on the information. That sentence was one of life imprisonment under the habitual criminal act.

The petitioner, however, is not entitled to be discharged from custody as prayed for in his petition, for the reason that he has not served his sentence prescribed for the principal offense to which he entered a plea of guilty on February 15, 1963. The sentence imposed in excess of that provided for the principal offense is void and the petitioner is hereby relieved of that void portion of such sentence. *State ex rel. Foster v. Boles,* 147 W. Va. 655, 130 S. E. 2d 111. "A petitioner in a habeas corpus proceeding upon whom punishment by imprisonment for life has been imposed, under Code, 61-11-19, may be relieved of the void portion of the punishment, but will not be discharged from serving the maximum terms provided by statute as punishment for the principal offenses." Point 2, Syllabus, *State ex rel. Medley v. Skeen, Warden,* 138 W. Va. 409, 76 S. E. 2d 146.

For the reasons stated herein, the life sentence imposed by reason of the trial on the information is void and of no force and effect, but the petitioner shall be remanded to the custody of the Warden of the West Virginia Penitentiary until he has served the lawful sentence prescribed by statute for the offense to which he entered a guilty plea. The mandate of this Court to that effect is sufficient authority for the respondent and others who may be thereby affected to make adjustments in their records as will comply herewith.

> *Writ discharged;*
> *petitioner remanded.*

BERRY, JUDGE, dissenting:

I respectfully dissent from the majority opinion wherein it grants the relief prayed for as far as it applies to the part of the sentence dealing with the additional sentence imposed under the habitual criminal act. Code, 61-11-19, The majority opinion is based on the failure of the petitioner to obtain a transcript provided for in Code,

51-7-7, as amended, pertaining to testimony as to whether he was the same person mentioned in the other convictions contained in the information filed under the provisions of Code, 61-11-19.

The petitioner had pleaded guilty to the offense charged in the indictment and not guilty to the information containing charges of the previous convictions. The jury found that he was the same person named in the information and the court sentenced the petitioner thereon.

Upon the petitioner's written request for a free transcript to seek an "appeal in habeas corpus * * * or writ of error * * * " from the judgment of the trial court, it authorized and directed the court reporter to furnish a transcript of the testimony in question. The reporter, upon being directed by the court to furnish the transcript wrote the petitioner that he would do so and that petitioner could expect it in about six weeks. It was not furnished within the time stated by the court reporter, and the petitioner did not inquire of the court or the court reporter as to why it was not furnished. However, after the time for an appeal from the judgment of the lower court had passed, the petitioner filed this petition in this court for a writ of habeas corpus without the transcript. The transcript was furnished soon after this petition was filed in this Court and the court reporter gave as the reason for not furnishing it sooner that he understood that petitioner wanted the transcript for use in a habeas corpus proceeding and that inasmuch as such proceeding could be instituted at any time he made no effort to furnish it sooner. He also stated that: "Had the defendant informed the Court of his intention to take an appeal to the Circuit Court, I would have gotten the transcript to him earlier, and well within the four month limitation."

In the first place it is extremely doubtful if the provisions of Code, 51-7-7, as amended, apply to the instant case because the free transcript referred to in this section of the Code applies only to cases where an indigent person has been tried and found guilty under indictments for misdemeanors and felonies, and even if it does apply to an information such as is involved in the present proceed-

ing the issue is not whether he is guilty of the former conviction but only if he is the same person involved in the former convictions. However, if the statute is applicable in such case it has been fully met. Apparently proper grounds were not set forth in the petition for the free transcript upon which the appeal or writ of error would be sought as required by the statute, but notwithstanding this the trial court fully complied with the provisions of said statute with regard to the granting of the request. It is provided under this statute where the request is made that " * * * the court * * * *shall authorize and direct the court reporter to furnish a transcript of the testimony and proceedings of the trial* * * * ". [emphasis supplied] These requirements were fully met and complied with by an order entered of record by the trial court upon the receipt of the request by the petitioner. All the petitioner had to do was to inquire of the court or the court reporter as to why the transcript had not been furnished when promised and it would have been promptly forthcoming in time for an appeal to be perfected. It would no doubt show that he was identified as the same person referred to in the previous convictions and the finding as to this matter by the jury.

The petitioner apparently was not interested in obtaining the transcript he had requested and that had been authorized and directed to be made by the court and promised by the court reporter, but after the four month limitation in which an appeal could be taken to the circuit court he applied to this court for a writ of habeas corpus praying to be released from the penitentiary without further interest in obtaining the transcript.

The petitioner has not been deprived of any right to appeal the proceeding had on the information. On the contrary, he has been granted the right, but failed to pursue it as required of all other persons in such cases. Therefore, there has been no violation of his constitutional rights under the holding of *Griffin* v. *Illinois,* 351 U. S. 12, 76 S. Ct. 585, 100 L. Ed. 891.

For the reasons stated herein, I would deny the relief sought *in toto.*