STATE *ex rel.* CARL MIKE THOMPSON

*v.*

OTTO C. BOLES, *Warden, etc.*

(No. 12585)

Submitted October 4, 1966. Decided November 15, 1966.

*Robert G. Wolpert,* for relator.

*C. Donald Robertson,* Attorney General, *George H. Mitchell,* Assistant Attorney General, for respondent.

CALHOUN, JUDGE:

Carl Mike Thompson, the relator in this original proceeding in habeas corpus, is now serving in the West Virginia Penitentiary a sentence of life imprisonment imposed by the Intermediate Court of Ohio County pursuant to the habitual criminal statutes of this state. In his habeas corpus petition, he alleges that he is an indigent person and that he was improperly denied a transcript of the proceedings of his jury trial upon an indictment for a felony; and that he was also improperly denied a transcript of the proceedings of his subsequent jury trial upon an information which charged him with having been convicted previously of two felonies.

The case was submitted to the Court for decision upon the habeas corpus petition, upon the respondent's return, amended return, demurrer to the petition, and upon briefs and oral arguments of counsel.

It is clear from prior decisions of this Court that an indigent person who has been convicted of a felony and sentenced to the state penitentiary is entitled, upon his timely request, to require that a transcript of the proceedings of the trial be furnished to him without charge in order that he may apply for an appeal from the judgment of the trial court. An improper denial to an indigent person of such transcript will be regarded as a denial of due process of law which will require that he be released by habeas corpus from

further imprisonment pursuant to such sentence. *State ex rel. Kennedy v. Boles,* 150 W. Va. 504, 147 S. E. 2d 391; *State ex rel. Banach v. Boles,* 147 W. Va. 850, 131 S. E. 2d 722. The same legal principles apply in relation to a jury trial upon an information filed pursuant to the habitual criminal statutes. *State ex rel. Legg v. Boles,* 148 W. Va. 354, 135 S. E. 2d 257. We are of the opinion, however, that the record does not sustain the allegations of the petition relative to the failure to furnish the transcripts to the relator.

By a letter dated January 31, 1966, and received by the relator in the penitentiary, the Judge of the Intermediate Court of Ohio County acknowledged receipt of the relator's request for a transcript of the proceedings of the trial on the indictment and a transcript of the proceedings of the trial upon the information. In the letter, the judge promised to send "the transcript" to the relator "as soon as possible, consistent with the business of the court during the February term."

Appended to and made a part of the return in this habeas corpus proceeding is a writing dated March 28, 1966, alleged to have been signed by the relator, by which he acknowledged receipt from the court reporter of a transcript of the court proceedings on November 8, 1965, that being the date of his trial and conviction on the indictment; a transcript of the court proceedings held November 18, 1965, when the motion to set aside the verdict and to grant a new trial was overruled; and a transcript of the proceedings of the jury trial on the information and the sentence of life imprisonment on January 10, 1966.

The genuineness of the writing by which the relator is alleged to have acknowledged receipt of the transcripts has not been denied by any pleading filed in behalf of the relator or in the brief or oral argument of his counsel. In one place in his petition, the relator has alleged in general terms that no transcript was furnished to him. In another place in his petition, he

alleges that no such transcript was furnished to him "until after the appeal period had expired." In the circumstances of this case we must accept as true the respondent's allegation that the transcripts were received by the relator on March 28, 1966.

The Intermediate Court of Ohio County is a court of limited jurisdiction. The laws of this state do not provide for direct appeal to this Court from courts of limited jurisdiction. Article 4 of Chapter 58, Code, 1931, as amended, provides for appeal from such a court to the circuit court of the same county. Code, 1931, 58-4-4, as amended, is as follows: "No petition shall be presented to the circuit court or judge for an appeal from, or writ of error or supersedeas to, any judgment, decree or order rendered or made by such court of limited judisdiction, * * * which shall have been rendered or made more than four months before such petition is presented."

The sentence to life imprisonment pronounced on January 10, 1966, constituted the final judgment of the trial court and the four months appeal period commenced to run as of that date. 4 Am. Jur. 2d, Appeal and Error, Section 161, page 674; 24 C.J.S., Criminal Law, Section 1649, page 1004; *Fuller v. Commonwealth,* 189 Va. 327, 53 S. E. 2d 26; *Franklin v. State of Idaho,* 87 Ida. 291, 392 P. 2d 552. Unless the contrary appears from the context of a statute in which reference is made to a month, such word is regarded as meaning a calendar month. Code, 1931, 2-2-4, as amended; *State ex rel. Graney v. Sims,* 144 W. Va. 72, pt. 5 syl., 105 S. E. 2d 886; *Phillips v. Commercial Credit Co.,* 121 W. Va. 234, pt. 1 syl., 3 S. E. 2d 836. Inasmuch as the sentence was imposed on January 10, 1966, the four months appeal period expired May 10, 1966. The transcripts were received by the relator on March 28, 1966, which was approximately forty-three days before the expiration of the period of time permitted for appeal.

For reasons stated in this opinion, the prayer of the habeas corpus petition is denied and the relator is remanded to the custody of the respondent.

*Prisoner remanded.*