43893. ALGERNON BLAIR, INC. v. NATIONAL SURETY CORPORATION.

ARGUED SEPTEMBER 4, 1968—DECIDED JANUARY 17, 1969.

*Powell, Goldstein, Frazer & Murphy, Wayne Shortridge, Robert Patrick,* for appellant.

*Nall, Miller, Cadenhead & Dennis, James W. Dorsey, Jon O. Fullerton,* for appellee.

FELTON, Chief Judge. There appearing no default by the subcontractor, the surety's liability for the fees and expenses sued for must arise, if at all, under the contractual provision, ". . . on account of claims against the contractor or subcontractor *by third parties* arising out of matters covered in this Subcontract. . ." (Emphasis supplied.)

Black's Law Dict., 4th Ed., defines "third parties" as follows: "A term used to include all persons who are not parties to the contract, agreement, or instrument of writing by which their interest in the thing conveyed is sought to be affected. . . But it is difficult to give a very definite idea of third persons; for sometimes those who are not parties to the contract, but who represent the rights of the original parties, as executors, are not to be considered third persons. . ."

Here, the surety, although not originally a party to the contract, became such in effect when it assumed the status of assignee of one of the parties to the contract for not only all sums due or to become due under the contract, but also for said party's remedies in connection therewith. In the absence of the assignment the subcontractor would not have been liable for these fees and expenses for having itself brought such an action against the contractor. The surety, merely representing and exercising the subcontractor's right to such a remedy, would likewise not incur liability for these fees and expenses, in the absence of bad faith in bringing the action, which is not claimed.

The court did not err in its judgment granting summary judgment in favor of the defendant surety.

*Judgment affirmed. Eberhardt and Whitman, JJ., concur.*