STATE *ex rel.*
JASPER S. HAMRICK

*v.*

IRA M. COINER, *Warden,*
*West Virginia Penitentiary*

(No. 13137)

Submitted October 26, 1971.   Decided November 23, 1971.

Dissenting Opinions December 6, 1971.

Petition for Rehearing December 13, 1971.

Petition Granted March 10, 1972.

Resubmitted on Rehearing May 16, 1972.

Majority Opinion Affirmed and Modified July 11, 1972.

*Dana C. Eakle,* for relator.

*Chauncey H. Browning, Jr.,* Attorney General, *George E. Lantz,* Deputy Attorney General, *Richard E. Hardison,* Assistant Attorney General, for respondent.

CAPLAN, PRESIDENT:

The relator, Jasper S. Hamrick, asserting that his constitutional rights have been violated, invokes the original jurisdiction of this Court in seeking a writ of habeas corpus to compel the respondent, Ira M. Coiner,

Warden of the West Virginia Penitentiary, to release him from custody. Upon the relator's petition this Court granted a writ, returnable October 26, 1971. On that date the case was submitted for decision on the briefs of the respective parties, there having been no oral argument presented.

At the July Term, 1969, of the Circuit Court of Clay County, the relator was indicted for the crime of burglary. Upon entering a plea of not guilty he was tried by a jury and found guilty as charged in the indictment. Pursuant to the verdict the relator was sentenced to confinement in the state penitentiary for a term of from one to fifteen years where he is presently incarcerated. This sentence was imposed on July 29, 1970.

Subsequent to his arrival at the penitentiary, the relator, on September 8, 1970, within sixty days of the date of his conviction order, forwarded a letter to the Judge of the Circuit Court of Clay County informing him of his intention to prosecute an appeal from the aforesaid conviction. Pursuant to such expressed intention, the relator requested the judge to direct the clerk of the court "to furnish the necessary records to counsel so that he may perfect the appeal." Also, in this letter, he noted that he was not informed by the court or counsel that he had a right to appeal from his conviction. He stated that he was "indigent and can not afford to retain counsel to perfect the appeal". In addition to his request for the record, he requested the court to appoint counsel to assist him.

The Judge of the Circuit Court of Clay County, by letter dated September 18, 1970, acknowledged receipt of the relator's letter. Therein he further said: "When you have presented to this Court a proper petition and your affidavit of forma pauperis the Court will then act upon it. The letter requesting the relief sought by you is insufficient." Consequently, the relator, upon the assertion

that his constitutional rights have been violated, seeks release from custody.

Although the relator contends that he was denied effective counsel by not being advised of his right to appeal, his principal ground for the relief sought is the court's failure, upon request, to furnish him a free transcript of the "necessary records" so that he could timely prosecute an appeal.

It is the position of the relator that the intention expressed and the requests made in his letter of September 8, 1970 constituted compliance with the requirements of Code, 1931, 58-5-4, as amended, and 51-7-7, as amended, and that he was thereupon entitled to receive a free transcript of the proceedings below. The respondent, of course, takes the opposite view. While he is in agreement with the general principles forwarded by the realtor concerning an indigent person's right to a transcript without cost, he asserts that the relator has failed to comply with the above statutes.

At the threshold of the now universally accepted proposition that the failure to furnish, without cost, a transcript to an indigent person for the purpose of enabling him to appeal a conviction constitutes a violation of his fourteenth amendment rights, is *Griffin v. State of Illinois,* 351 U.S.12, 76 S. Ct. 585, 100 L. Ed. 891. In view of the decision in that case and in others decided by the United States Supreme Court and this Court, and in view of the acceptance of the foregoing proposition by the respondent, we will not further encumber this opinion with citation or comments in support thereof.

Pertinent to the decision of this case is a consideration of the aforementioned statutes. Code, 1931, 58-5-4, as amended, provides, where relevant, "In criminal cases no petition for appeal or writ of error shall be presented unless a notice of intent to file such petition shall have been filed with the clerk of the court in which the judgment or order was entered within sixty days after

such judgment or order was entered. The notice shall fairly state the grounds for the petition without restricting the right to assign additional grounds in the petition."

The relator made his request under the provisions of Code, 1931, 51-7-7, as amended, the pertinent portions of which provide: "In any case wherein an indigent person has filed a notice of intent to seek an appeal or writ of error * * * the court, or judge thereof in vacation, upon written request of such convicted person or his counsel, presented within sixty days after the entry of such judgment, shall, by order entered of record, authorize and direct the court reporter to furnish a transcript of the testimony and proceedings of the trial * * * to the convicted person, without charge to him, for use in seeking his appeal or writ of error * * *."

Inasmuch as the relator's request for a transcript was made under the authority of Code, 1931, 51-7-7, as amended, we must consider and determine whether the requirements thereof were met. In his brief the respondent takes the position that the "mere informal note" of the relator to the judge could not be sufficient to entitle him to a free transcript. The notice of intent, alluded to in that code section will be discussed later herein. Other than that, what are the requirements of the statute? To obtain a transcript thereunder one must be an indigent person. The relator stated in direct and unequivocal language that he was indigent and could not afford to retain counsel. The statute does not call for an affidavit to prove indigence and none is needed. The only other requirements of that statute are that he make a written request for the transcript and that such request be made within sixty days after the entry of the judgment. Here, the request was made in writing and was made within sixty days after the entry of the judgment entered against him.

Substance, not form, is the essence of Code, 1931, 51-7-7, as amended. The purpose thereof, to permit an indigent person to prosecute an appeal, is clearly evident and such

purpose should not be defeated by requiring formalities. It is pertinent that the caption to said section reads, in part, "Transcripts to be furnished indigent persons under conviction upon timely request". It is probable that an indigent person under conviction does not have counsel; it is probable that such indigent person is not learned in the procedures of the law; therefore, society should not exact formal requirements from him. Upon a reasonably clear request wherein a convicted indigent person substantially complies with the above statute, he should be furnished the necessary transcript of his trial so that he can complete the appellate process.

As heretofore noted, the relator in the instant case made a timely written request for a transcript for the purpose of perfecting an appeal. No "proper petition" or affidavit of forma pauperis, as demanded by the trial judge, is required by Code, 1931, 51-7-7, as amended. The request was made by an indigent person under conviction who at that time was without the assistance of counsel, not by an attorney. Equity implores and justice demands that the relator, upon his written and timely request, be furnished the necessary transcript of the proceedings of his trial so that he may prosecute an appeal.

The respondent relies principally on the alleged failure of the relator to file a notice of intent to seek an appeal as specified in Code, 1931, 58-5-4, as amended. He asserts that such notice is required before a request under Code, 1931, 51-7-7, as amended, can be honored.

Under the decisions of this Court the notice of intent to appeal is a mandatory and jurisdictional requirement and without such notice an appeal is precluded. *State v. Legg,* 151 W.Va. 401, 151 S.E.2d 215. Under the provisions of Code, 1931, 58-5-4, as amended, one convicted of a crime who wants to appeal must have filed a notice of such intent with the clerk of the court within sixty days after the entry of the judgment against him. These are the principal requirements, making clear the main purpose of said code section, that being to inform the

court of his intent to appeal. In the instant case the relator wrote to the judge of the court in which he was convicted, saying: "This is to notify the court that I wish to appeal the decision rendered on the 28th day of July, 1970, in the above referenced styled case, to the State Supreme Court of Appeals of West Virginia, Charleston, West Virginia." Certainly, such direct notice to the judge complies with the mandate of the statute. Although this was not directed to the clerk of the court, as prescribed by statute, the purpose of the statute was satisfied by going directly to the court. Also, the notice of intent to appeal was filed with the court within sixty days from the date of the judgment order. The statute further provides that he shall fairly state the grounds for his appeal but it does not restrict additional grounds when the petition for appeal is actually filed. We believe and so hold that the relator has substantially complied with the provisions of Code, 1931, 58-5-4, as amended, so as to enable him to acquire a transcript under the provisions of Code, 1931, 51-7-7, as amended.

In *State ex rel. Kennedy v. Boles,* 150 W.Va. 504, 147 S.E.2d 391, this Court said in point one of the Syllabus: "An indigent person who substantially complies with the requirements of the applicable statute is entitled to a free transcript which he seeks for the purpose of applying for an appeal from a judgment upon an indictment for a criminal offense for which he has been tried and found guilty and sentence has been imposed." See also *State ex rel. Legg v. Boles,* 148 W.Va. 354, 135 S.E.2d 257; *State ex rel. Banach v. Boles,* 147 W.Va. 850, 131 S.E.2d 722; and *Linger v. Jennings,* 143 W.Va. 57, 99 S.E.2d 740. There has been a sufficient compliance by the relator to permit the accomplishment of the main purposes of such statutes. Therefore, upon his written request of September 8, 1970, he was entitled to a transcript of the records which would have enabled him to file an appeal from his conviction.

The failure of the court in which he was convicted and sentenced to furnish the aforementioned transcript

so as to enable the relator to apply for an appeal constitutes a denial of due process of law guaranteed by the Fourteenth Amendment to the Constitution of the United States and by Article III, Sections 10 and 17 of the Constitution of this State. The relief prayed for in this proceeding is therefore granted and the relator will be released forthwith from custody.

*Prisoner discharged.*

BERRY, JUDGE, dissenting:

I dissent from the majority opinion in this case because of the uncertainty it apparently creates in connection with the matter involved. The majority opinion appears to hold that the failure to provide a transcript for an indigent for an appeal of his conviction vitiates the entire trial and unqualifiedly releases the petitioner from custody. If this is the intent of the opinion, then it would appear to be in conflict with other decisions of this Court.

The only thing involved in this case is the alleged violation of the petitioner's constitutional right to a free transcript in order to appeal his conviction. It is not contended that any of his constitutional rights were violated during the trial of the case, and, therefore the only thing that was invalidated was the sentence or judgment. The disposition in this case should allow the state the right to have the petitioner resentenced. He could then obtain the transcript and appeal within eight months of the last sentence. *State ex rel. Bradley v. Johnson,* 152 W.Va. 655, 166 S.E.2d 137. It has also been held by this Court that the accused in such cases could be retried. *State ex rel. Tune v. Thompson,* 151 W.Va. 282, 151 S.E.2d 732.

It is also questionable as to whether the letter written to the judge was legally sufficient to be considered for both a free transcript and a notice of intent to appeal. The notice of intent to appeal requires grounds for the appeal to be stated therein and has been held to be jurisdictional for an appeal. *State v. Legg,* 151 W.Va. 401,

151 S.E.2d 215. These are separate matters and the requirements were not contained in the perfunctory letter to the judge.

CALHOUN, JUDGE, dissenting:

Respectfully, I dissent. At the outset of my dissent, I would like to emphasize the uncertainty in my mind concerning precisely what decision the Court has made in this case. If the Court's decision stands for the proposition that the prisoner has been unalterably and unconditionally "discharged" from all restraints upon his freedom and his liberty as a consequence of his conviction, then, in this respect and in this extent, I dissent respectfully but quite earnestly.

Antecedent legal questions in this case were forcefully and convincingly urged in behalf of the state. These legal hurdles the Court has passed without apparent difficulty. My dissent relates only to the action of the Court in apparently holding that the prisoner is "discharged" without qualification.

In the present habeas corpus case, the Court was concerned solely with the right of the defendant to appeal from the judgment of the trial court entered upon the jury verdict by which the defendant was found guilty of the charge made against him in the indictment. Nothing prior to the judgment of the court entered upon the jury's verdict was before the Court for decision. So far as the record in this case disclosed, all stages of the criminal prosecution, including the arrest, the indictment, the trial and the jury's verdict remained unchallenged and beyond the jurisdiction of this Court in the habeas corpus proceeding.

In recent decisions, this Court, in similar cases, has properly made a distinction between the judgment of a trial court entered upon a conviction, on the one hand, and, on the other hand, court proceedings preceding the conviction, whether the conviction was upon a plea of guilty or upon a jury verdict finding the accused guilty

as charged. In *State ex rel. Kennedy v. Boles*, 150 W.Va. 504, 147 S.E.2d 391, the Court made the following statement in the second point of the syllabus: "* * * the *judgment* imposing sentence is unenforceable; and such indigent person, in a habeas corpus proceeding, is entitled to be released forthwith *from custody under such judgment.*" (Italics supplied.) The concluding portion of the opinion in that case is as follows: "* * * such *judgment* is unenforceable; and such indigent person, in a habeas corpus proceeding, is entitled to the relief for which he prays and will be released forthwith *from custody under such judgment.*" (Italics supplied.)

*State ex rel. Bradley v. Johnson*, 152 W.Va. 655, 166 S.E.2d 137, involved a proceeding in habeas corpus instituted in this Court in behalf of Bradley, who had been released in a habeas corpus proceeding in the Circuit Court of Kanawha County from a judgment imposing an indeterminate sentence of one to ten years imposed by the Intermediate Court of Kanawha County upon a jury verdict which found the defendant guilty of a charge of grand larceny. The defendant was released by the circuit court in the habeas corpus proceeding on the ground that he had been denied due process of law by reason of the failure of the trial court to furnish him a transcript of the proceedings of his trial in order to enable him to apply for an appeal. The circuit court, in granting the writ of habeas corpus, ordered that the convicted defendant be discharged from custody, but suspended the execution of the order entered in the habeas corpus proceeding for a period of sixty days in order to enable the state to make proper disposition of the case in a "constitutionally permissible manner." Within the period of sixty days, the trial court set aside its former sentence and imposed upon the prisoner a like sentence with proper credit for time of imprisonment previously served by the prisoner pursuant to the former sentence. In a proceeding in habeas corpus instituted in behalf of the prisoner in this Court, it was contended that the trial court had no right to set aside the previous sentence and

to impose a like sentence with credit to the prisoner for the period of imprisonment served by the prisoner pursuant to the initial sentence.

In the *Bradley* case, this Court held that the second sentence was valid, irrespective of the fact that Section 7(c) of Article 4A, Chapter 53, Code, 1931, as amended, was not applicable to the case. In so deciding, the Court stated (152 W.Va. 661, 166 S.E.2d 141):

> "As the intermediate court, after setting aside the void judgment of November 29, 1967, had jurisdiction of the criminal proceeding and the power and authority to grant the petitioner a new trial or, as it did in lieu of a new trial, to resentence the petitioner to confinement in the penitentiary for a term of not less than one year or more than ten years with credit for the specified time served, and thus to restore and make available to the petitioner his right to apply for an appeal from such judgment, which is all he could have done if the transcript of the record of his trial had been seasonably furnished to him, the final judgment of imprisonment rendered by the intermediate court of October 14, 1968, is a valid and effective judgment and is enforceable against the petitioner. It follows that the relief which the petitioner seeks in this proceeding must be and it is denied, that the writ heretofore issued in this proceeding is discharged, and that the petitioner be and he is remanded to the custody of the defendant to serve in the manner provided by law the sentence imposed upon him on October 14, 1968."

For reasons stated in this dissenting opinion, I would have added to the Court's opinion a sentence stating, in effect, that the prisoner was discharged subject to the right of the state to proceed further in accordance with this Court's decision in the *Bradley* case.

I am authorized by Judge Berry to state that he concurs in the views expressed in this dissenting opinion.

CAPLAN, JUDGE:

On the rehearing of this proceeding heretofore granted, full consideration has been given to the reasons presented in the written briefs filed in support of the respective positions of the parties. Careful review and reexamination of the majority opinion, in which two judges dissented, justify the conclusion that the legal principles enunciated in that opinion were correct and free from error, but, that in the disposition of the case, the majority opinion should be and is modified so as to conform to the recent decisions of this Court involving a denial of a free transcript for appeal purposes. Accordingly, the original opinion and the prefixed syllabus points are approved, adhered to and adopted as the decision of this Court in this proceeding and the prisoner is ordered to be discharged. However, such discharge is ordered stayed for a period of thirty days from the date of this opinion on rehearing to permit resentencing of the petitioner, if the state so chooses. See *State ex rel. Bratcher v. Cooke, Sheriff,* 155 W.Va. 850, 188 S.E.2d 769; *State ex rel. Koton v. Coiner, Warden,* 155 W.Va. 668, 187 S.E.2d 209. *State ex rel. Bradley v. Johnson,* 152 W.Va. 655, 166 S.E.2d 371.

Judge Haymond participated in the decision of this case but his death occurred prior to the preparation of this opinion. Judges Haden and Kessel did not participate in the consideration or decision of this case.