WILLIE VARNEY, JR.

*v.*

SUPERINTENDENT, WEST VIRGINIA PENITENTIARY

(No. 14682)

Decided April 4, 1980.

*E. L. Green*, for petitioner.

*Chauncey H. Browning*, Attorney General, *Gray Silver, III*, Assistant Attorney General, for respondent.

CAPLAN, JUSTICE:

In this original proceeding in habeas corpus the petitioner, an indigent, alleging that the trial court failed to

provide him a transcript of his trial which he needed for the prosecution of an appeal, seeks an unconditional release from imprisonment. In the circumstances hereinafter described the relief sought is denied.

In 1973 two separate indictments were returned against the petitioner, Willie Varney, Jr., each charging him with the offense of breaking and entering. On indictment No. 7072 he was tried and found guilty by a jury. Subsequently, he entered a plea of guilty to Indictment No. 7073 and was sentenced to a term of one to ten years in the state penitentiary. The latter conviction and sentence have never been challenged, by appeal or otherwise, and the petitioner is still incarcerated by reason thereof.

For the purpose of prosecuting an appeal, the petitioner attempted on several occasions to obtain a transcript of his trial. When the court ordered that the transcript be furnished, it was discovered that the court reporter's notes had been lost or destroyed and that by reason thereof no transcript was obtainable by the petitioner. This is conceded by all.

It is now well established that an indigent defendant who has been convicted of a crime has a right to appeal his conviction and that he is constitutionally entitled to a copy of the transcript of his trial without cost to him. *Rhodes v. Leverette*, ____ W.Va. ____, 239 S.E.2d 136 (1977); *Call v. McKenzie*, ____ W.Va. ____, 220 S.E.2d 665 (1975); *State ex rel. Hamrick v. Coiner*, 156 W.Va. 17, 189 S.E.2d 846 (1972); *State ex rel. Kennedy v. Boles*, 150 W.Va. 504, 147 S.E.2d 391 (1966); *State ex rel. Legg v. Boles*, 148 W.Va. 354, 135 S.E.2d 257 (1964); *Griffin v. Illinois*, 351 U.S. 12, 100 L. Ed. 891, 76 S. Ct. 585 (1956).

As demonstrated by the above decisions, the petitioner, having been denied a trial transcript and, as a consequence, an appeal from his conviction, is entitled to a discharge from custody "subject to the right of the State to provide a transcript." *State ex rel. Johnson v. McKenzie*, ____ W.Va. ____, 226 S.E.2d 721 (1976).

Here, however, no trial transcript can be supplied. Due to the great lapse of time since his conviction and the repeated refusal or failure of the state to furnish a transcript "there is a probability of actual injury [to the petitioner] as a result of such denial" of an appeal. *Carter v. Bordenkircher*, ___ W.Va. ___, 226 S.E.2d 711 (1976). Furthermore, these circumstances (repeated refusal by court during appeal period to furnish transcript and subsequent loss of reporter's notes from which trial transcript could be made) constitute extraordinary dereliction on the part of the state and dictate the discharge of the petitioner on that conviction. See *Carter v. Bordenkircher, supra* and *Johnson v. McKenzie*, ___ W.Va. ___, 235 S.E.2d 138 (1977).

If the conviction on Indictment No. 7072 were the only one to which the petitioner had been subjected, he would be entitled to immediate discharge. However, he is serving a valid sentence (Indictment No. 7073) which has not been challenged nor completed. This petitioner who has been convicted of two separate crimes will be relieved of punishment for the conviction declared void but he must serve the term provided by statute for the valid conviction. *State ex rel. Legg v. Boles, supra; State ex rel. Foster v. Boles*, 147 W.Va. 655, 130 S.E.2d 111 (1963). See *State ex rel. Medley v. Skeen*, 138 W.Va. 409, 76 S.E.2d 146 (1953).

For the reasons stated, the petitioner is remanded to the custody of the Warden of the State Penitentiary to serve the lawful sentence imposed for the offense to which he entered a guilty plea.

*Petitioner remanded.*