STATE *ex rel.* LAWRENCE A. GARY

*v.*

WARDEN, HUTTONSVILLE CORRECTIONAL CENTER

(No. 14941)

Decided March 5, 1982.

422

*Franklin D. Cleckley* for appellant.

*Chauncey H. Browning,* Attorney General, and *Jerry Dove,* Assistant Attorney General, for appellee.

PER CURIAM:

Appellant Lawrence Gary appeals the denial of a writ of habeas corpus in the Circuit Court of Upshur County. He alleges that he is entitled to unconditional discharge from confinement because of the State's dereliction in failing to provide him a copy of his trial transcript and accompanying proceedings.

The appellant was convicted of second degree murder in October of 1977. On November 3, 1977, he was sentenced to five to eighteen years in the penitentiary. A notice of intent to appeal and request for transcript were filed with the circuit court on the same day. Thereafter the eight month appeal period expired with no appeal being taken because no transcript was provided. On July 10, 1978 the time for appeal was extended for four months in order for the transcript to be prepared. The circuit court resentenced appellant on November 17, 1978, in order to extend the appeal period. *W.Va. Code,* 53-4A-7(c) [1967]. A partial transcript was furnished to the appellant on January 24, 1979. That transcript was complete except for pre-trial motions and post-conviction bail proceedings.

On July 26, 1979, the remainder of the transcript (absent the post conviction bail hearing) was furnished to the appellant. On the same day he filed an application for a writ of habeas corpus in the Circuit Court of Randolph

County; several days later the petition was transferred to the Circuit Court of Upshur County. The court held a hearing on the petition and by order dated November 29, 1979, denied the writ. In this appeal the appellant contends that he is entitled to an unconditional discharge from custody.

Clearly, the relator is entitled to a copy of the trial court transcript. As we stated in Syl. pt. 1 of *Rhodes v. Leverette*, 160 W.Va. 781, 239 S.E.2d 136 (1977):

> An indigent criminal defendant has a right to appeal his conviction. He is also constitutionally entitled to a copy of the trial court record, including the transcript of the testimony, without cost to him. West Virginia Constitution, Article III, Sections 10 and 17.

However, the record in this case shows that the relator was provided with a nearly complete copy of his transcript seven months before he filed his petition for a writ of habeas corpus and was provided with the remaining portion on July 26, 1979, the actual day he filed the petition.

In seeking discharge from custody, the relator relies principally upon the case of *State ex rel. Johnson v. McKenzie*, 159 W.Va. 795, 226 S.E.2d 721 (1976). In *Johnson* we recognized that extraordinary dereliction on the part of the State in providing relator with a transcript and an appeal could amount to a denial of due process requiring that relator be unconditionally discharged from custody. We clarified the concept of extraordinary dereliction in Syl. pt. 6 of *Rhodes v. Leverette*, *supra*:

> Factors to be considered in determining whether there has been extraordinary dereliction are: the clarity and diligence with which the relator has moved to assert his right of appeal;

appeal period. While extraordinary dereliction on the part of the State does not require a showing of malice or ill will, certainly if such is shown it would be a significant factor.

In addition, we held that "[e]xtraordinary dereliction on the part of the State sufficient to warrant unconditional release in a habeas corpus proceeding, where the relator's constitutional rights to an appeal have been violated, will largely depend on the facts of the individual case." Syl. pt. 5, *Rhodes v. Leverette, supra.*

In *State ex rel. Johnson v. McKenzie, supra,* two and one-half years had elapsed since the date Johnson was originally sentenced. The Court's rationale in requiring an unconditional discharge of the relator in that case was that the relator's constitutional right to appeal was so inordinately frustrated by the State's inaction that it would be meaningless to require further steps to be taken to allow an appeal. In *Rhodes v. Leverette, supra,* five years passed during which time the relator was unable to file an appeal, first because of the lack of a transcript and then court-appointed counsel's lack of diligence. We discharged the relator from custody, but stayed that discharge for thirty days to permit resentencing and appointment of new counsel.

In later cases where we granted discharge, irreparable harm was shown. For example, in *Varney v. Superintendent,* ___ W.Va. ___, 264 S.E.2d 472 (1980), the circuit court repeatedly refused to furnish a transcript during the appeal period and then the court reporter's notes were lost. *See also, Sartin v. Bordenkircher,* ___ W.Va. ___, 272 S.E.2d 243 (1980); *Johnson v. McKenzie,* 159 W.Va. 795, 235 S.E.2d 138 (1977). *Cf. State ex rel. Kisner v. Fox,* ___ W.Va. ___, 267 S.E.2d 451 (1980).

In the case before us there has been no dereliction comparable to that in any of the cases cited above. After the relator was resentenced for the first time it appears that the State made a diligent effort to provide him, and did provide him, approximately two months later, with a major portion of his transcript. The fact that pre-trial proceedings and the post-conviction bail hearing were not

included in the transcript was not fatal to relator's ability to appeal errors that occurred during his trial. We believe that the relator has failed to establish extraordinary dereliction on the part of the state.

Accordingly, the judgment of the circuit court is affirmed.

*Affirmed*