327 S.E.2d 409

**Wilbert MAYLE**

v.

**Honorable Alfred FERGUSON, Judge of the Circuit Court of Cabell County, and Jeanie Hall, Court Reporter, Circuit Court of Cabell County.**

**No. 16489.**

Supreme Court of Appeals of West Virginia.

March 1, 1985.

Jerry Weiner, Columbus, Ohio, for petitioner.

Menis E. Ketchum, Huntington, for respondent Jeanie Hall.

McGRAW, Justice:

The petitioner, Wilbert Mayle, sought to compel, through writ of mandamus, the provision of a transcript of his criminal trial for purposes of appeal. He perfected his notice of appeal following his conviction of first degree murder in early 1983. Despite repeated requests by counsel over the next two years, however, no transcript was provided. Therefore, on January 11, 1985, almost two years after his sentencing, this Court awarded a writ of mandamus compelling provision of the transcript of the petitioner's trial within fifteen days from entry of our order. We further ordered the Administrative Director of the Supreme Court of Appeals to suspend payment of respondent court reporter's salary if she failed to provide the transcript within the time specified until the transcript was provided.

■ The right to the timely provision of a transcript in a criminal case is both constitutional and statutory. In Syllabus Point 1 of *Rhodes v. Leverette*, 160 W.Va. 781, 239 S.E.2d 136 (1977), this Court held that, "An indigent criminal defendant has a right to appeal his conviction. He is also constitutionally entitled to a copy of the trial court record, including the transcript of the testimony, without cost to him. West Virginia Constitution, Article III, Sections 10 and 17." *See also* Syl. pt. 1, *State ex rel. Gary v. Warden*, 169 W.Va. 421, 288 S.E.2d 176 (1982); *State v. Moore*, 273 S.E.2d 821, 831 (W.Va.1980); Syl. pt. 1, *State ex rel. Kisner v. Fox*, 165 W.Va. 123, 267 S.E.2d 451 (1980); Syl. pt. 1, *Varney v. Superintendent*, 164 W.Va. 420, 264 S.E.2d 472 (1980); Syl. pt. 1, *Call v. McKenzie*, 159 W.Va. 191, 220 S.E.2d 665 (1975); Syl., *State ex rel. Hamrick v. Coiner*, 156 W.Va. 17, 189 S.E.2d 846 (1971), *State ex rel. Bradley v. Johnson*, 152 W.Va. 655, 661, 166 S.E.2d 137, 141 (1969), *overruled on other grounds, State v. Eden*, 163 W.Va. 370, 384, 256 S.E.2d 868, 876 (1979); *State ex rel. Tune v. Thompson*, 151 W.Va. 282, 284, 151 S.E.2d 732, 733 (1966); *State ex rel. Thompson v. Boles*, 151 W.Va. 203, 204–05, 151 S.E.2d 112, 113–14 (1966); Syl. pts. 1 and 2, *State ex rel. Kennedy v. Boles*, 150 W.Va. 504, 147 S.E.2d 391 (1966); Syl. pt. 1, *State ex rel. Legg v. Boles*, 148 W.Va. 354, 135 S.E.2d 257 (1964); Syl., *State ex rel. Ba-*

*nach v. Boles,* 147 W.Va. 850, 131 S.E.2d 722 (1963); *State v. Bosworth,* 143 W.Va. 725, 729, 105 S.E.2d 1, 4 (1958); *Linger v. Jennings,* 143 W.Va. 57, 63, 99 S.E.2d 740, 744 (1957). Although the record in the present action is silent on the issue of indigency, even with respect to a nonindigent defendant, this Court held in Syllabus Point 1 of *State ex rel. Johnson v. McKenzie,* 159 W.Va. 795, 226 S.E.2d 721 (1976), that, "The Due Process Clause of the state and federal constitutions requires that a convicted defendant be furnished a trial transcript for which he has made a timely request."

The statutory basis for an indigent's right to a transcript in a criminal case is found in West Virginia Code § 51–7–7 (1981 Replacement Vol.), which provides, in pertinent part, that, "In any case wherein an indigent person has filed a notice of intent to seek an appeal ... the court ... shall ... direct the court reporter to furnish a transcript of the testimony and proceedings of the trial ... to the convicted person...." In *State ex rel. Banach v. Boles,* 147 W.Va. at 856, 131 S.E.2d at 727, this Court held that this statute "supplements, and perhaps exceeds, the rights ... guaranteed by the Fourteenth Amendment to the Constitution of the United States and Sections 10 and 17 of Article III of the Constitution of this State ...." Furthermore, another statute, West Virginia Code § 58–5–4 (Supp.1984), places a one year limitation on the time for transcript preparation. *See State ex rel. Johnson v. McKenzie,* 159 W.Va. at 803–04, 226 S.E.2d at 726; *see also Rhodes v. Leverette,* 160 W.Va. at 786, 239 S.E.2d at 140; Syl. pt. 2, *State ex rel. Thompson v. Boles, supra.*

■ The key to the timely provision of a transcript in a criminal proceeding is the court reporter. Under West Virginia Code § 51–7–1 (1981 Replacement Vol.), an antique statute which predates the Judicial Reorganization Amendment of 1974 by over fifty years in its current version, the circuit courts were responsible for the appointment and regulation of court reporters. Under the Judicial Reorganization Amendment of 1974, however, ultimate supervisory control over all state courts, and consequently over all state judicial officers and employees, including court reporters, rests with the Supreme Court of Appeals under West Virginia Constitution art. VIII, § 3, which provides that, "The court shall have general supervisory control over all intermediate appellate courts, circuit courts and magistrate courts.... The officers and employees of the supreme court of appeals ... shall be appointed and may be removed by the court. Their duties and compensation shall be prescribed by the court." Under this constitutional provision, court reporters are "employees" of the Supreme Court of Appeals. Therefore, although subject to the direction and supervision of the circuit judges to whom they are assigned, court reporters, as employees of the Supreme Court of Appeals, whose primary functions consist of recording, transcribing, and certifying records of proceedings for purposes of appellate review, are subject to the ultimate regulation, control, and discipline of the Supreme Court of Appeals.

■ Dilatory court reporters present a serious threat to the administration of the criminal justice system. As this Court stated in *State ex rel. Johnson v. McKenzie,* 159 W.Va. at 803–04, 226 S.E.2d at 726:

The right of a defendant to a transcript is not adequately satisfied merely by furnishing the transcript at a time convenient to the court reporter. A convicted defendant is entitled not only to a transcript, but he is entitled to use the transcript to seek appellate review without inordinate delay. We are repelled by the thought that a defendant may be convicted through a trial process which is subject to direct attack for error and remain confined an inestimable number of years, perhaps serving his entire sentence—unable to seek appellate review of his conviction—due to a dilatory or overworked court reporter. Such delay in adjudication or in the exercise of the right to obtain appellate review may be as violative of due process as the denial of the transcript itself. [Citations and footnote omitted].

Similarly, in *State ex rel. Legg v. Boles*, 148 W.Va. at 358, 135 S.E.2d at 260, this Court recognized the constitutional dimension of the court reporter's role in the criminal justice system, stating that, "The court reporter ... acts for the court, and consequently for the State, and his refusal to furnish petitioner with a transcript of the record of his trial constitutes a violation of petitioner's constitutional rights under the Fourteenth Amendment." Furthermore, this Court has recognized that delay in the provision of a transcript in a criminal case may constitute extraordinary dereliction on the part of the State warranting the discharge of a prisoner by writ of habeas corpus. *See Varney v. Superintendent*, 264 S.E.2d at 473–74; *State ex rel. Johnson v. McKenzie*, 159 W.Va. at 804–05, 226 S.E.2d at 726–27; *Call v. McKenzie*, 159 W.Va. at 199–200, 220 S.E.2d at 671–72; *State ex rel. Hamrick v. Coiner*, 156 W.Va. at 22–23, 189 S.E.2d at 849; *State ex rel. Kennedy v. Boles*, 150 W.Va. at 512–13, 147 S.E.2d at 396; *State ex rel. Legg v. Boles*, 148 W.Va. at 358–59, 135 S.E.2d at 260; *State ex rel. Banach v. Boles*, 147 W.Va. at 857–59, 131 S.E.2d at 728–29.

 Attributable, in part, to the central role performed by court reporters in the administration of the criminal justice system, this Court has promulgated rules and regulations governing official court reporters in the form of a *Manual for Official Court Reporters of the West Virginia Judiciary* (October 30, 1984). This manual regulates, *inter alia*, methods of reporting, transcript format, certification, compensation, freelancing, transcript distribution, billing, fees, expenses, substitution, and electronic court reporting. This final area of regulation is a particularly fertile ground for expediting transcript production. Utilization of electronic recording devices, such as computer-aided transcription and electronic audio recording devices, will serve to hasten the provision of trial transcripts in criminal cases. Furthermore, enforcement of disciplinary rules in response to delays in the provision of transcripts will also serve to minimize such delays. For example, the manual provides that if a case appears for three quarters on the quarterly report of transcript production to be filed by each court reporter, "[T]he reporter's paycheck shall be withheld until the subject transcript is delivered." Hopefully, this regulation will insure that criminal defendants are provided transcripts within the statutory time limitations.

The law requires diligence on the part of both judges and attorneys. The law similarly requires diligence on the part of court reporters. Court reporters cannot be permitted, after the judge and the lawyers have diligently performed their duties, to constipate the process by neglecting their duties. Dilatory court reporters are subject not only to compulsion of performance of their official duties by writ of mandamus, but also to administrative sanctions.

For the foregoing reasons, we ordered the Administrative Director of the Supreme Court of Appeals to suspend the respondent court reporter's salary if a transcript was not provided within fifteen days from entry of our order until such time that transcript was provided.

Writ granted.