355 S.E.2d 363

**STATE ex rel. Jerry M. WELLS**

v.

**Hon. Richard A. WARMUTH, Judge, etc. and Charles G. Brown, Attorney General.**

**No. 17456.**

Supreme Court of Appeals of West Virginia.

March 18, 1987.

---

Frank W. Helvey, Jr., Public Legal Services, Charleston, for appellant.

Charles G. Brown, Atty. Gen., Charleston, for appellee.

PER CURIAM:

This is an original proceeding in mandamus in which the relator, Jerry M. Wells, contends that because of extraordinary dereliction on the part of the State in failing to provide him with a copy of the transcript of his trial, he has been denied the right to an appeal of his conviction. The relator asks this Court to declare his conviction void and to enjoin the State from bringing any further proceedings against him relating to the underlying charge.

The relator was convicted of the grand larceny of a 1968 Mercury outboard motor in the Circuit Court of Wetzel County on December 3, 1983. He filed a motion for a new trial and on December 22, 1983, the circuit court denied the motion. On December 30, 1983, the relator was sentenced to the Huttonsville Correctional Center for an indeterminate term of from one to ten years. Appeal bond was set at $15,000.

The relator thereafter filed a notice of intent to appeal and the court appointed appellate counsel. After he filed the notice of intent, the relator moved for reduction of appeal bond but the motion was denied. On February 17, 1984, the court granted the relator's request for a free transcript and ordered the court reporter to prepare the same and forward it to relator's counsel.

On July 23, 1984, the appeal period was extended for four months to allow for preparation of the transcript. On January 2, 1985, the relator was released on parole. A week later the appeal period was extended for an additional four months. On March 8, 1985, the circuit court ordered the court reporter to furnish a copy of the transcript to the relator within sixty days.

Subsequently, this Court extended the appeal period for four additional months on three separate occasions to allow for preparation of the transcript. The final four-month period expired on April 21, 1986. On January 30, 1986, the relator was discharged from parole. Because his attorney had since left his position with the West Virginia Public Legal Services Council, relator was appointed new counsel on February 21, 1986.

Relator's newly-appointed counsel was also unsuccessful in obtaining a copy of the transcript. By letter dated April 21, 1986, the court wrote a letter to counsel to inform him that the court reporter had left her employment without filing her notes

and that since the court had no information of her whereabouts, a substitute for the transcript might be a possibility. After corresponding with the prosecuting attorney, counsel determined that no tape recording of the trial had been made and thus no suitable substitute for a transcript existed.

The State admits that the relator discharged his entire sentence in January of 1986 and that, a year later, a transcript of his trial is still not available. In all probability the court reporter's notes of relator's trial have been lost or destroyed. At the very least, they are misplaced and the State has admitted as much.

■ It has been well established by the United States Supreme Court, and by our Court, that an indigent criminal defendant has a right to appeal his conviction and that he is constitutionally entitled to a copy of the transcript of his trial, without cost to him. *See,* Syllabus Point 1, *Rhodes v. Leverette,* 160 W.Va. 781, 239 S.E.2d 136 (1977). *See also, Griffin v. Illinois,* 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956); *Varney v. Superintendent,* 164 W.Va. 420, 264 S.E.2d 472 (1980). The State has the responsibility of producing a certified copy of the transcript upon request. In this case, the appeal period was extended on five separate occasions due to the lack of a transcript. The relator has served his entire sentence, and still he has not been provided with a copy of the transcript.

■ When the State has been "extraordinarily derelict in affording the accused his right to a timely appeal," *Johnson v. McKenzie,* 160 W.Va. 385, 235 S.E.2d 138 (1977), the accused is entitled to an unconditional release from custody. In the instant case, there is a high probability that a transcript can never be supplied. The court reporter has left the State and the whereabouts of her notes of the trial are unknown. The relator has served his sentence and has been discharged from parole. After five extensions of the appeal period, the State has still not been able to produce a transcript. We are of the view that these circumstances constitute extraordinary der-

eliction on the part of the State and dictate that the relator's prayer for relief be granted.

Accordingly, the relator's grand larceny conviction is reversed and the relator is discharged from further prosecution.

Writ Awarded.