438 S.E.2d 64

**STATE of West Virginia ex rel. Ted PHILYAW, Administrative Director of the Courts, Petitioner,**

v.

**Terri R. WILLIAMS, Court Reporter for the Ninth Judicial Circuit, Respondent.**

No. 21854.

Supreme Court of Appeals of West Virginia.

Submitted Nov. 2, 1993.

Decided Nov. 24, 1993.

Thomas J. McQuain, Jr., Sr. Staff Atty., for petitioner.

Terri R. Williams, pro se.

PER CURIAM:

■ This is an original proceeding in mandamus to compel the respondent, Terri R. Williams, a court reporter, to produce a transcript of the testimony in a civil case conducted in the Circuit Court of Mercer County. The respondent asserts that her reporter's notes have been lost and she cannot, therefore, produce such transcript. Because issuance of the writ of mandamus would be futile in such circumstances, we deny the relief prayed for in the petition. We refer the respondent to the Administrative Director of the Courts, however, for imposition of appropriate discipline.

The respondent was employed as a court reporter for the Circuit Court of Mercer County. According to a letter written by the respondent's supervising judge, an evidentiary hearing was conducted in January 1990 in the case of *Elizabeth G. Scott v. Weldon W. Graham,* Civil Action No. 89–C–1010–K, at which the defendant, Weldon Graham, testified. The case was settled in February 1990, and shortly thereafter, the plaintiff, Elizabeth Scott, informally requested a transcript of Mr. Graham's testimony. By order dated October 1, 1991, the circuit court ordered the respondent to prepare the transcript and provide it to Ms. Scott within 60 days.

On August 18, 1993, a petition was filed with this Court by the petitioner, alleging that the transcript had not yet been prepared and seeking a writ of mandamus to compel the respondent to produce it. By order dated September 1, 1993, we issued a rule, returnable October 5, 1993, directing the respondent to appear and show cause why the writ should not be awarded.

By letter dated September 27, 1993, the respondent advised the Court that she was unable to locate her stenographic notes. The respondent asserted that she discovered the loss after her office was relocated, and that she had searched her records, the circuit clerk's office, and storage areas of the courthouse without success.

After considering her response, this Court, by order dated October 7, 1993, remanded the matter to the circuit court with directions to hold a hearing pursuant to Rule 80(e) of the West Virginia Rules of Civil Procedure in the underlying proceeding.[1] We also issued a rule, returnable November 2, 1993, directing the respondent to appear and show cause why her employment should not be terminated.

In response, the respondent submitted a letter detailing the circumstances surrounding her inability to produce the transcript. The respondent asserted that she gave priority to criminal cases and civil cases in which appeals were being taken and had, therefore, assigned the *Scott* case, in which no appeal was contemplated,[2] a low priority. The respondent further stated that the informal request for the transcript came when she was in the process of transcribing a three-day criminal trial and that by the time the circuit court's order was entered in October 1991, her office had been moved, and she was unable to locate her notes. The respondent further stated that she became pregnant in December 1991 and suffered a miscarriage in February 1992. The respondent became pregnant again in April 1992, and was fatigued and on medication throughout her pregnancy. The respondent took maternity leave in December 1992, delivered her baby in January 1993, and returned to work in March 1993.

In Syllabus Point 3 of *Mayle v. Ferguson,* 174 W.Va. 430, 327 S.E.2d 409 (1985), we held:

> Although subject to the direction and supervision of the circuit judges to whom they are assigned, court reporters, as employees of the Supreme Court of Appeals, whose primary functions consist of recording, transcribing, and certifying records of proceedings for purposes of appellate review, are subject to the ultimate regulation, control, and discipline of the Supreme Court of Appeals.

Recognizing that delays in preparing transcripts present a threat to the administration of justice, we stated in *Mayle:*

> The law requires diligence on the part of both judges and attorneys. The law similarly requires diligence on the part of court reporters. Court reporters cannot be permitted, after the judge and the lawyers have diligently performed their duties, to constipate the process by neglecting their duties. Dilatory court reporters are subject not only to compulsion of their official duties by writ of mandamus, but also to administrative sanctions.

1. Rule 80(e) of the West Virginia Rules of Civil Procedure provides:

   (e) *Use of statement of evidence in lieu of transcript.*—In the event a stenographic or mechanical report of the proceedings had and testimony taken at a hearing or trial before the court was not made or in the event a reporter's stenographic or mechanical record thereof has become lost or a transcript thereof is not obtainable, any party to the action may prepare a statement of the proceedings from the best available means, including his recollection, for use instead of a transcript thereof. The statement shall be served upon all other adverse parties within a reasonable time after the hearing or trial, and the adverse parties may serve objections or amendments thereto within 10 days after service of the statement upon them. Thereupon the statement, with the objections or proposed amendments, shall be submitted to the court for settlement and approval and when and as settled and approved such statement becomes a part of the record when it is signed by the judge and filed with the court.

2. According to the letter of the circuit judge, Ms. Scott wanted a transcript of the testimony to demonstrate to her relatives that Mr. Graham, her brother, had lied.

174 W.Va. at 433, 327 S.E.2d at 413. *Accord State v. Reedy,* 177 W.Va. 406, 352 S.E.2d 158 (1986).

We have also recognized, however, that mandamus does not lie where performance of the thing sought to be compelled is an impossibility. As we stated in Syllabus Point 6 of *Delardas v. Morgantown Water Commission,* 148 W.Va. 776, 137 S.E.2d 426 (1964): "A writ of mandamus will not be issued in any case when it is unnecessary or where, if used, it would prove unavailing, fruitless or nugatory." *Accord Cox v. Board of Educ.,* 177 W.Va. 576, 355 S.E.2d 365 (1987); *State ex rel. Prince v. West Virginia Dep't of Highways,* 156 W.Va. 178, 195 S.E.2d 160 (1972); *State ex rel. Capitol Business Equip., Inc., v. Gates,* 155 W.Va. 64, 180 S.E.2d 865 (1971); *State ex rel. Nelson v. Ritchie,* 154 W.Va. 644, 177 S.E.2d 791 (1970); *State ex rel. Archer v. County Court,* 150 W.Va. 260, 144 S.E.2d 791 (1965).

Obviously, because the respondent's stenographic notes of the testimony have been lost, it would be an exercise in futility to issue a writ of mandamus to compel the respondent to produce the transcript ordered in this case. Indeed, we have stated that "mandamus will not be awarded to compel a court reporter to furnish notes that have been lost." *State ex rel. Board of Educ. v. Johnson,* 156 W.Va. 39, 43, 190 S.E.2d 483, 486 (1972). Consequently, we deny the writ of mandamus prayed for.

■ This is not to say, however, there is no recourse against the respondent. As we noted in *Mayle,* a court reporter who fails to execute his or her duties promptly and in good order is also subject to administrative sanctions. Currently, the *Manual for Official Court Reporters of the West Virginia Judiciary* (January 1, 1993) provides sanctions in the form of revocation of freelance privileges, withholding of the court reporter's paycheck, and termination of employment.[3]

■ From the facts represented to this Court, it appears that although Ms. Scott first requested the transcript in February 1990, the respondent made no attempt to produce it for almost two years, when she finally discovered that her notes were missing. It has taken an additional two years to bring the case to this stage. We note that the respondent has a history of similar behavior in other cases. In the past two years, the respondent has been the subject of no less than six mandamus proceedings in this Court to compel her to produce a transcript needed for an appeal.[4] The delay was in the production of these transcripts was between six and thirteen months. In at least several of those cases, as here, the request for a transcript was made well before the respondent's medical difficulties began. In addition, the exhibits show that in 1985, the respondent's paycheck was suspended for failing to produce a transcript in a civil case. Accordingly, it appears to this Court that

The revocation of freelance privileges, the withholding of paychecks and termination of employment shall also be utilized by the Office of the Administrative Director for (1) the failure to file a monthly report, (2) the failure to report requests for transcripts or the improper reporting of requests for transcripts in the monthly report, (3) the failure to ask for an extension of time if the 45 day filing requirement is exceeded and (4) such other failure to comply with applicable rules and regulation of the Supreme Court of Appeals or provisions of the *W.Va.Code,* as determined by the Administrative Director.

**3.** Rule XXIII of the *Manual* states, in pertinent part:

The failure of an official court reporter to complete and file a requested transcript, concerning a case on appeal to the Supreme Court of Appeals, shall, in the absence of good cause for delay, result in the following:

1. the revocation of freelance privileges, when a late transcript first appears upon a monthly report,

2. the withholding of the reporter's paycheck, when a late transcript appears for the second time upon a monthly report, and

3. upon ordering that the reporter's paycheck be withheld, the Senior Staff Attorney shall file with the Clerk of the Supreme Court of Appeals a petition for a writ of mandamus to compel the Court Reporter to produce the transcript, and

4. termination of the reporter's employment, when a late transcript appears a third time upon a monthly report.

**4.** *State ex rel. Teresa B. v. Reid,* No. 20954; *State ex rel. Rana v. Williams,* No. 21305; *Hodge v. Williams,* No. 21621; *Kirby v. Williams,* No. 21542; *Energy Development Corp. v. Williams,* No. 21168; *Williamson v. Williams,* No. 21702.

there is more than ample ground for referring this matter to the Administrative Director of the Courts for disciplinary action. The Administrative Director should determine, in light of the respondent's entire history of dilatoriness, what sanction, including termination, is appropriate.

█ As a final matter, we note that the United States Supreme Court has recently held that court reporters do not have absolute immunity from civil liability for excessive delay in preparing a transcript. *Antoine v. Byers & Anderson, Inc.,* —— U.S. ——, 113 S.Ct. 2167, 124 L.Ed.2d 391 (1993).[5] Court reporters in this State should be aware that they are potentially liable in damages to

those who are harmed by their failure to perform their official duties properly and promptly.

In conclusion, we deny the writ of mandamus prayed for. We do, however, remand this case to the Administrative Director for the imposition of appropriate discipline.

Writ Denied.

---

5. In *Antoine,* the defendant sued the court reporter for damages after his appeal of his bank robbery conviction was delayed for four years because the court reporter had lost or misplaced her notes.