# CHARLESTON.

## STATE *v.* WALTER PERRY.

### (No. 5504)

Submitted February 23, 1926.    Decided March 2, 1926.

1.  INDICTMENT AND INFORMATION—*Indictment for Forging and Uttering Check in One Count Held Sufficient. (Code, 1923, c. 146, § 5).*

    An indictment containing one count which charges that defendant on a day stated unlawfully and feloniously forged a certain writing therein fully described, and did then and there feloniously utter and attempt to employ the same as true and genuine, he, the defendant, knowing the same to be forged, with intent to defraud, and against the peace and dignity of the State, is sufficient in law.    (p. 124.)
    
    (Forgery, 26 C. J. § 112.)

2.  CRIMINAL LAW—

    Points 1, 2 and 3 of the syllabus in *Coal Company* v. *Cecil*, 94 W. Va. 116, approved and applied.    (p. 126.)
    
    (Criminal Law, 17 C. J. §§ 3418, 3420, 3428.)
    
    (NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Error to Circuit Court, Boone County.

Walter Perry was convicted of forgery, and he brings error.

*Affirmed.*

*John B. Hager,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *J. Luther Wolfe,* Assistant Attorney General, for the State.

LIVELY, JUDGE:

The indictment charges that defendant, Walter Perry, forged and uttered a check. Upon a verdict of guilty ''as charged in the within indictment,'' he was sentenced to serve seven years in the penitentiary. This writ followed.

The first error assigned is that the court erred in overruling the motion of the defendant to quash the indictment because it attempts to charge defendant with two separate and distinct felonies, of which, upon proper proceeding and proof, the jury could have found him guilty or not guilty of either or both charges, under Code 1923, Chap. 146, Sec. 5. Counsel for defendant contends that two distinct offenses cannot be joined in an indictment, except by two separate and distinct counts, each being complete in itself.

It is undoubtedly true that the forging of an instrument and the uttering of the same knowing it to be forged are two distinct felonies, each being punishable by a sentence of not less than two nor more than ten years in the penitentiary. Sec. 5, Chap. 146, Code; *Johnson's Case,* 102 Va. 927. And this being true, it is improper to join the two as separate and distinct offenses, unconnected, in the same count of the indictment, even though the offenses thus charged are of the same general nature. To do so renders the count duplicitous. However, duplicity is a fault of form only, and the count is not subject to demurrer or motion to quash on that ground. *State* v. *Vaughan,* 93 W. Va. 419; *State* v. *Jarrell,* 76 W. Va. 263. ''But, at the conclusion of the state's evidence, where more than one offense is charged in the same count, and there is evidence to support two or more of the offenses charged, the defendant may, on motion, require the state to elect the offense on which it will stand for conviction.'' *State* v. *Hudson,* 93 W. Va. 435, 443. This rule is applicable to a count charging two separate felonies.

But counsel for defendant argues that the crime of forgery and the crime of uttering a forged instrument are charged in the one and only count in the indictment, and the crime of forgery being imperfectly charged because the intent to

defraud is not charged; wherefore the offense of uttering must also fall, because if there was no forged instrument, properly charged, there could be no crime for uttering it. The indictment charges that defendant on the —— day of May, 1924, "did unlawfully and feloniously forge a certain order for the payment of money, commonly called a check, for the sum of $9.55 purporting to be the order or draft of one J. E. Bradley, upon the Madison National Bank, of Madison, Boone County, West Virginia, and purporting to be payable to the order of Willie Akers, and did then and there feloniously utter and attempt to employ the same as true and genuine check, he, the said Walter Perry, knowing the same to be forged, with intent to defraud, and against the peace and dignity of the State." If there be a defect in charging the forgery, as claimed, then it becomes necessary to determine if the charge of uttering can be sustained. In charging the crime of uttering it is only necessary to set out the instrument or its substance, and charge that defendant knowing it to be forged did utter and attempt to employ it as true with intent to defraud. It is not necessary to predicate the charge with an averment that defendant or some other person at a time stated forged the writing with intent to defraud, against the peace and dignity of the State. If a person has in his possession a writing which he knows to be forged and attempts to utter it and employ it as true, with intent to defraud, he is guilty, and it makes no difference by whom or when it was actually forged. *State* v. *Tingler,* 32 W. Va. 546. So, if the forgery be imperfectly charged, as claimed, that charge may be eliminated as surplusage, and the indictment for uttering is good, and will sustain a verdict if the evidence warrants it. But it will be noted, the indictment charges all the acts of defendant as having been committed at one time and for the one purpose, all with the intent to defraud. When several and distinct acts connected with the same general offense and subject to the same penalty are punishable separately and as distinct crimes where committed by different persons, they may be considered as representing steps or stages of the same offense, and combined in the came count, when committed by

the same person at the same time. Wharton Crim. Pro. (10th ed.), Vol. 1, Sec. 695. Our statute, Chap. 146, Sec. 5, says, "If a person forge any writing . . . to the prejudice of another's right, or utter or attempt to employ as true, such forged writing, knowing it to be forged, he shall be confined in the penitentiary not less than two nor more than ten years." The penalty for either offense is the same. In many jurisdictions the charging of the forgery and uttering of the same instrument by the same person, at the same time, is held to be the charging of a single offense. *People* v. *Frank,* 28 Cal. 507; *State* v. *Newton,* 70 Pac. (Wash.) 31; *State* v. *Greenwood,* 78 N. W. (Minn.) 1044; *People* v. *Altman,* 147 N. Y. 473; *People* v. *Adler,* 140 N. Y. 331; *In re Walsh,* 37 Neb. 454; *Territory* v. *Poulier,* 8 Mont. 146; 19 Pac. 594. Our statute is quite similar to that of Rhode Island, and in the case of *State* v. *Murphy* (R. I.) 16 L. R. A. 550, it was held that the forgery and the uttering of the same instrument may be charged in one count, citing Bishop Crim. Proc., Sec. 436, and also Wharton's Crim. Pleading & Practice, (9th ed.) Sec. 251, where the author states the same rule, illustrating it by saying: "Thus, setting up a gaming table, it has been said, may be a distinct offense; keeping a gaming table and inducing others to bet upon it may constitute a distinct offense; for either, unconnected with the other, an indictment will lie; yet, when both are perpetrated by the same person at the same time, they may be coupled in one count." The indictment fully informs the defendant of the character and cause of the accusation against him, and the motion to quash was properly overruled.

There are numerous other assignments of error relating to the introduction and rejection of evidence, refusal to give an instruction offered by defendant, the sufficiency of the State's evidence, and refusal of the court to set aside the verdict as contrary to the law and evidence. To pass upon these errors we must examine the bill of exceptions No. 1 which purports to contain all of the evidence, and was certified by the official shorthand reporter as a true and correct transcript of the testimony and proceedings had in the trial. There is a vaca-

tion order which says that defendant's bill of exceptions No. 1 was presented to the judge and signed and sealed by him and made a part of the record, within thirty days from final adjournment of the term. The bill of exceptions printed in the record is not signed or sealed by the judge, consequently there is no proper bill of exceptions, as we have heretofore decided in many cases, and we cannot look to the purported evidence. Nor can we consider the instruction offered and refused, unless saved by a proper bill of exceptions; nor can we consider the instructions given which are now by law a part of the record. *Shepherd* v. *McQuilkin,* 2 W. Va. 90. The cases holding that such bill of exceptions as is now before us is insufficient, and the results following, are enumerated in our recent case of *Coal Company* v. *Cecil,* 94 W. Va. 116, and are controlling here.

*Affirmed.*