STATE *ex rel.* ROBIN DALE JOHNSON

*v.*

ARTHUR L. MCKENZIE, *Acting Warden, West Virginia State Penitentiary*

(No. 13714)

Decided July 23, 1976.

*W. Jack Stevens* for relator.

*Chauncey H. Browning,* Attorney General, *Richard E. Hardison,* Deputy Attorney General, for respondent.

FLOWERS, JUSTICE:

In this original proceeding in habeas corpus, the relator, Robin Dale Johnson, seeks discharge from confinement in the West Virginia Penitentiary. The relator premises his prayer for discharge upon the failure of the State of West Virginia to provide him with a transcript of trial proceedings for which he had made a timely request. The legal consequence of his inability to obtain a transcript has been to deny him of his due process right to apply for appellate review of his conviction.

The defendant was convicted of first degree murder in the Circuit Court of Logan County. On January 28, 1974, he was sentenced to life imprisonment. After the sentence, the relator filed a timely notice of intent to appeal and a request for a transcript. Thereafter the eight-month appeal period provided by *W. Va. Code,* 58-5-4, *as amended,* expired. No appeal was perfected because no transcript was provided.

On January 6, 1975, the relator was resentenced in order to provide an additional period for appeal.[1] A par-

---

[1] Resentencing is expressly authorized by *W. Va. Code* 53-4A-7(c), *as amended* which in part provides:

"When the court determines to deny or grant relief, as the case may be, the court shall enter an appropriate order with

tial transcript was presented to the circuit judge for certification. On August 29, 1975, the circuit judge extended the time for appeal for four months in order for the court reporter to prepare additional matters for the record.[2] When this period expired, the relator had not perfected his appeal because no transcript had been provided.

Therefore, on January 28, 1976, the relator was resentenced for a second time. After the lapse of four months, the relator filed this habeas corpus proceeding, asserting the right to absolute discharge because of his inability to obtain a transcript for the purpose of appealing

---

respect to the conviction or sentence ... including, but not limited to, remand, the vacating or setting aside of the plea, conviction and sentence, rearraignment, retrial, custody, bail, discharge, correction of sentence and *resentencing* ... " (emphasis added)

Resentencing is also expressly authorized by judicial endorsement in *State ex rel. Bradley v. Johnson*, 152 W. Va. 655, 661, 166 S.E.2d 137, 141 (1969), which holds that the sentencing court has:

" ... jurisdiction of the criminal proceeding and the power and authority to grant the petitioner a new trial or, as it did in lieu of a new trial, to resentence the petitioner to confinement * * * and thus to restore and make available to the petitioner his right to apply for an appeal * * * which is all he could have done if the transcript * * * had been seasonably furnished to him ...." *Id.* at 661.

[2]*W. Va. Code*, 58-5-4, *as amended*, in relevant portions provides:

"No petition shall be presented for an appeal from, or writ of error or supersedeas to, any judgment ... which shall have been rendered or made more than eight months before such petition is presented: Provided, that the judge of the circuit court may, prior to the expiration of such period of eight months, by order entered of record extend and reextend such period for such additional period or periods, not to exceed a total extension of four months, as in his opinion may be necessary for preparation of the transcript, if the request for such transcript was made by the party seeking such judicial review within sixty days of the entry of such judgment, decree or order. ... "

his conviction. We issued a writ of habeas corpus on May 3, 1976.

When the case was argued on June 15, 1976, counsel for the respondent appeared and admitted that, despite the relator's timely requests for a transcript following each of the three sentencing procedures, no transcript had been furnished. The respondent by answer prays for the writ to be discharged as premature since the present appeal period will not expire until August 28, 1976.

Two and one-half years have now elapsed since the relator was originally sentenced. He cannot perfect an appeal of his conviction because he has no transcript. The issue framed by the pleadings is whether the relator because of inordinate delay in the preparation of a transcript has been denied due process of law, entitling him to unqualified release from custody. The determination of this issue, however, entails a reexamination of resentencing as a remedy in cases where a transcript has been denied and an analysis of the concept of discharge in habeas corpus.

I

In *Griffin v. Illinois*,[3] the United States Supreme Court held that a defendant could not be denied a transcript simply because of indigency. The free transcript concept is predicated upon the theory that, where the state extends a right to apply for appellate relief, "the Due Process and Equal Protection Clauses" protect defendants from "invidious discrimination", which would effectively deny an adequate appellate review.

The free transcript concept has been adhered to by this Court in numerous cases.[4] It has provided the basis

---

[3]351 U.S. 12 (1956).

[4]*State ex rel. Hamrick v. Coiner*, 156 W. Va. 17, 189 S.E.2d 846 (1972); *State ex rel. Bradley v. Johnson*, 152 W. Va. 655, 166 S.E.2d 137 (1969); *State ex rel. Kennedy v. Boles*, 150 W. Va. 504, 147 S.E.2d 391 (1966); *State ex rel. Legg v. Boles*, 148 W. Va. 354, 135 S.E.2d 257

for decisions extending these constitutional guarantees to protect and encompass a broad range of appellate rights.[5] These decisions reflect the principle that a convicted defendant cannot be denied his right to appeal, either by a trial judge or by one outside the judicial system. To deny a defendant his right to appeal constitutes a denial of due process of law in violation of the federal and state constitutions. *State ex rel. Bratcher v. Cooke*, 155 W. Va. 850, 188 S.E.2d 769 (1972).

The wrongful conduct complained of in the instant case is the failure of a state-employed court reporter to provide a trial transcript. While the claim of denial by reason of indigency is not asserted in this case, the failure to provide a trial transcript upon a timely request is no less a violation of due process.

While the law of this State does not require a transcript of trial proceedings as a condition precedent to the right of appeal, as a practical matter an appeal cannot be effectively prosecuted without one. *Boles v. Kershner*, 320 F.2d 284 (4th Cir. 1963); *Linger v. Jennings*, 143 W. Va. 57, 99 S.E.2d 740 (1957). To be considered by an appellate court upon review, the errors must be affirmatively shown by the record.[6] Errors in the actual trial proceedings, except those instructions which are given, are precluded from consideration on appeal unless a trial transcript has been prepared and properly made a part of the record.[7] To so limit appellate review is tantamount to a denial of the right to appeal. Clearly,

(1964); *State ex rel. Banach v. Boles*, 147 W. Va. 850, 131 ·S.E.2d 722 (1963); *Linger v. Jennings*, 143 W. Va. 57, 99 S.E.2d 740 (1957).

[5]*Anders v. California*, 386 U.S. 738 (1967); *Lane v. Brown*, 372 U.S. 477 (1963); *Douglas v. California*, 372 U.S. 353 (1963); *Eskridge v. Washington State Board of Prison Terms*, 357 U.S. 214 (1958).

[6]*See, generally State v. Knotts*, 156 W. Va. 748, 197 S.E.2d 93 (1973); *State v. Beatty*, 51 W. Va. 232, 41 S.E. 434 (1902).

[7]*See, generally State v. Perry*, 101 W. Va. 123, 132 S.E. 368 (1926); *State v. Vest*, 21 W. Va. 796 (1883).

therefore, due process requires that a defendant be furnished a transcript upon a timely request.

## II

Having established the principle that due process requires the State to afford a defendant a trial transcript upon a timely request, we next determine what relief a defendant is afforded when the failure to furnish a transcript prevents the prompt exercise of appellate rights.

In the initial decisions of this Court involving indigency claims, the defendant was discharged from custody by a writ of habeas corpus. *State ex rel. Kennedy v. Boles;*[8] *State ex rel. Legg v. Boles;*[9] *State ex rel. Banach v. Boles.*[10] The concept of a discharge in habeas corpus, however, became a subject of judicial controversy in later opinions.

The dispute as to the meaning and effect of a discharge in habeas corpus first surfaced in *State ex rel. Tune v. Thompson.*[11] In *Tune* the Court considered whether a retrial of a defendant, who had obtained his release in habeas corpus for failure to afford him due process of law by withholding a transcript, constituted double jeopardy. In determining that it did not, the Court predicated its decision upon the nature of habeas corpus relief. In *Tune* the Court determined that a discharge affected only the illegal restraint and that "[i]t does not act upon the penalty nor does it operate as an absolute discharge from the legal consequences, or as an acquittal, of a crime."[12] According to *Tune* a writ of habeas corpus merely requires "resumption of the pro-

---

[8]150 W. Va. 504, 147 S.E.2d 391 (1966).
[9]148 W. Va. 354, 135 S.E.2d 257 (1964).
[10]147 W. Va. 850, 131 S.E.2d 722 (1963).
[11]151 W. Va. 282, 151 S.E.2d 732 (1966).
[12]*Id.* at 285, 151 S.E.2d at 734.

ceedings at the point they had reached prior to the unlawful action on the part of the court."[13]

Judge Calhoun, dissenting from the decision of the majority, reasoned that a denial of appellate rights did not permit a resumption of proceedings at the point of error since the infringement, while of constitutional dimension, did not render the former proceedings void. Therefore, in view of the limited concept of available relief—discharge, remand, or admission to bail[14]—a trial court could not condition the discharge of a defendant whose appellate rights had been denied subject to the right of the state to correct the constitutional deficiency by a new trial.

Following *Tune* circuit courts began to follow a federally conceived practice of delayed appeal through resentencing. By voiding the original sentence in habeas corpus, the circuit court could resentence the defendant and cause the jurisdictional eight-month appeal period to recommence. Under this procedure the defendant was given a second opportunity to exercise his appellate rights, hopefully without unconstitutional impediments. The resentencing procedure was approved by a unanimous Court in *State ex rel. Bradley v. Johnson.*[15] *Bradley* established the authority of a court to discharge a defendant in habeas corpus subject to the right of the State to correct the constitutional deficiency by retrial or resentencing.

Consequently, applying the limited discharge principle set forth in *Bradley*, the Court in *State ex rel. Bratcher v. Cooke*[16] delayed discharge for a period of thirty days to permit resentencing.

---

[13]*Id.* at 285–86, 151 S.E.2d at 734.

[14]*W. Va. Code*, 53-4-7, now superseded in post-conviction proceedings by *W. Va. Code*, 53-4A-7, *as amended.*

[15]152 W. Va. 655, 166 S.E.2d 137 (1969).

[16]155 W. Va. 850, 188 S.E.2d 760 (1972).

In *State ex rel. Hamrick v. Coiner*, 156 W. Va. 17, 189 S.E.2d 846 (1972), however, the controversy arose again. In *Hamrick* a convicted defendant sought habeas corpus relief for denial of a transcript. A divided Court held he was entitled to be "released forthwith from custody." Judges Calhoun and Berry dissented, reasoning that the decision, silent as to the right of the State to proceed in a constitutionally permissible manner to correct the error, created uncertainty over the nature of discharge as defined by *Tune* and *Bradley*. The dissenters interpreted the *Hamrick* decision as supporting an unqualified release from custody.

Three years later, however, the Court reverted to the *Tune* and *Bradley* theory of return to the point of error. In *Spaulding v. Warden*,[17] a defendant, whose conviction was vitiated for failure of the trial court to afford him an in camera hearing on the voluntariness of his confession,[18] was discharged subject to the right of the State to take such further proceedings as were consistent with the decision.

We now again affirm the principles of *Tune*, hoping to settle the conflict which is apparent from a review of our prior decisions. A discharge in habeas corpus operates upon the custody of a person illegally or unconstitutionally restrained. It does not operate to discharge forever a person from the legal consequences of an act or to acquit him of a crime. It does not deprive a court of any jurisdiction it may otherwise have. It merely frees the prisoner from continued restraint unless the State elects to resume the proceedings at the point they had reached prior to the unlawful action on the part of the court.[19]

A circuit court, or this Court, pursuant to its jurisdiction in habeas corpus proceedings, may stay the dis-

---

[17] ____ W. Va. ____, 212 S.E.2d 619 (1975).

[18] *Jackson v. Denno*, 378 U.S. 368 (1964).

[19] *State ex rel. Tune v. Thompson, supra* note 13.

charge of a defendant to afford the state a reasonable opportunity to take such action as may be constitutionally permissible to correct the defect in the proceedings. The concept of limited discharge is consistent with the available statutory relief set forth in the Post Conviction Habeas Corpus Act.[20]

We feel compelled, however, to qualify the *Bradley* decision as it relates solely to the authority of a circuit court to resentence a defendant who has made a timely request for a transcript and has been discharged in habeas corpus for failure to furnish a trial transcript.

The statutory appeal period which attaches to criminal convictions is limited to eight months from the date of the judgment.[21] The statute prescribing the appeal period is mandatory and jurisdictional.[22] In 1973, however, W. Va. *Code*, 58-5-4, was amended to authorize the circuit judge to extend the appeal period for such additional period or periods, not exceeding four months, as in his opinion may be necessary for preparation of a transcript if a timely request for the same has been made.[23]

We believe that the statute as amended places a proper limitation upon the time for transcript preparation. The right of the defendant to a transcript is not adequately satisfied merely by furnishing the transcript at a time convenient to the court reporter. A convicted defendant is entitled not only to a transcript, but he is entitled to use the transcript to seek appellate review without inordinate delay. We are repelled by the thought that a defendant may be convicted through a trial proc-

---

[20]*W. Va. Code* 53-4A, *as amended.*

[21]*W. Va. Code* 58-5-4, *as amended.*

[22]*Sothen v. Continental Assurance Co.*, 147 W. Va. 458, 128 S.E.2d 458 (1962).

[23]*Supra* note 2.

ess which is subject to direct attack for error and remain confined an inestimable number of years, perhaps serving his entire sentence—unable to seek appellate review of his conviction—due to a dilatory or overworked court reporter.[24] Such delay in adjudication or in the exercise of the right to obtain an appellate review may be as violative of due process as the denial of the transcript itself. *See, Way v. Crouse*, 421 F.2d 145 (10th Cir. 1970); *Smith v. State*, 356 F.2d 654 (10th Cir. 1966).

We hold, therefore, that relief in habeas corpus for failure to provide a transcript within the maximum one-year period authorized by *W. Va. Code*, 58-5-4, *as amended*, operates to discharge the defendant subject to the right of the State to provide a transcript within thirty days. The authority of a circuit court to hereafter resentence to remedy the State's failure to furnish a transcript upon a timely request is limited to those instances in which the transcript is made available within the thirty-day period.

Despite this limitation, resentencing, however, remains an appropriate remedy for protection of a defendant's appellate rights. The limitation imposed is designed to prevent abuse of the resentencing procedure in violation of a defendant's due process rights. We note at this juncture, however, that affording the transcript is but one aspect of appellate due process. A defendant is entitled not only to the transcript but he must be afforded the transcript within sufficient time to apply

---

[24]This Court by administrative rule has conditioned the salary of a court reporter upon the quarterly certification of the circuit judge that all transcripts requested have been furnished within sixty days after the taking unless good cause for delay has been shown. Rule 7, Rules and Regulations Relating to Court Reporters, promulgated June 5, 1975. The Rule was designed to avert the kind of problem presented by this case. We are not unmindful of the increased burdens imposed upon court reporters by recent decisions of this Court and federal courts. We cannot, however, permit the relief afforded various litigants by those decisions to be frustrated by our inability to efficiently manage this aspect of the judicial process.

for appellate review before the expiration of the jurisdictional time limits of *W. Va. Code* 58-5-4, *as amended.*

Consequently, if a timely request for a transcript has been made and no transcript is forthcoming, a trial court should extend the appeal period, as authorized by *W. Va. Code* 58-5-4, *as amended.* If the transcript is finally furnished less than thirty days before the expiration of the extended period, the circuit court should upon request entertain a proceeding pursuant to its authority under *W. Va. Code,* 53-4A and void the former sentence. Resentencing is, thereafter, permissible in order to allow the defendant adequate time after the delivery of the transcript to perfect the appeal.

For the reasons stated in this opinion, the relator is discharged but such discharge is delayed for a period of thirty days in order to provide the State with an opportunity to deliver the transcript and for the relator to seek such further appropriate relief as may be consistent with the principles announced in this decision.

*Writ awarded.*