# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**William G.,**
**Petitioner Below, Petitioner**

vs) **No. 15-1189** (Berkeley County 12-C-336)

**David Ballard, Warden,**
**Mount Olive Correctional Center,**
**Respondent Below, Respondent**

**FILED**

**February 21, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner William G., by counsel Ben J. Crawley-Woods, appeals the Circuit Court of Berkeley County's November 9, 2015, order denying his petition for post-conviction habeas corpus relief.[1] Respondent David Ballard, Warden, by counsel Christopher C. Quasebarth, filed a response. Petitioner filed a reply. On appeal, petitioner argues that the circuit court erred in denying his habeas petition because (1) the State failed to produce a transcript of his sentencing hearing; and (2) his former counsel were constitutionally ineffective at trial and in pursuing his "motion for reconsideration" of sentence.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2005, petitioner was convicted by a jury of one count of first-degree sexual assault for sexually assaulting his then five-year-old niece in 2002. Petitioner was fifteen years

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990).

[2]The Court notes that the West Virginia Rules of Criminal Procedure do not provide for a "motion for reconsideration" in criminal proceedings. However, Rule 35 of the West Virginia Rules of Criminal Procedure allows a court to correct and/or reduce a previously imposed sentence.

1

old at the time of his criminal conduct.[3] In April of 2005, prior to sentencing, petitioner was interviewed by a child psychologist, Dr. Joseph R. Novello. In that interview, petitioner maintained his innocence, and the interview was included in petitioner's pre-sentencing forensic evaluation.

In June of 2005, the circuit court held a sentencing hearing. Although the record on appeal does not contain a transcript of the sentencing hearing, by order entered in August of 2005, the circuit court sentenced petitioner to fifteen to thirty-five years in prison and imposed sexual offender registration and court costs. Petitioner did not directly appeal his conviction or sentence to this Court.

By letter dated June 16, 2005, petitioner asked his trial counsel, Deborah Lawson, then-chief public defender for the Twenty-Third Judicial Circuit, to provide him with a complete copy of his file and all transcripts "including . . . trial, pre-sentence, and of course the sentencing." On June 21, 2005, Ms. Lawson submitted a transcript request form to court reporter Laura Hall for the "trial transcript [for] trial date 03/17/05."

Following his trial and sentencing in 2005, petitioner was appointed new counsel, R. Steven Redding, who filed a motion for reconsideration of sentence. The circuit court held a hearing on that motion in 2008. Following that hearing, the circuit court denied petitioner's motion for reconsideration, and this Court affirmed the denial order in 2010. *State v. Georgius*, 225 W.Va. 716, 696 S.E.2d 18 (2010).

In October of 2010, petitioner, pro se, submitted a transcript request form to court reporter Laura Hall requesting transcripts of his June 8, 2005, sentencing hearing and certain pre-trial hearings. It is unclear from the record on appeal whether petitioner received any transcripts in response to this request, but he maintains that he did not receive a transcript of his sentencing hearing at any time.

Thereafter, petitioner was appointed habeas counsel Nicholas Colvin who, in May of 2011, submitted another form requesting a transcript of petitioner's 2005 sentencing hearing. Mr. Colvin's transcript request form was submitted to court reporter Melissa Clark of Tri-State Reporting, Inc. ("Tri-State"). It is unclear from the record on appeal whether petitioner received any response to this request.

In 2012, petitioner filed the underlying petition for writ of habeas corpus in the Circuit Court of Berkeley County.[4] In November of 2013, petitioner filed an amended habeas petition. In his amended petition, petitioner asserted, inter alia, that (1) the State failed to produce a transcript of his 2005 sentencing hearing and (2) his trial counsel was constitutionally ineffective.

---

[3]Although initially filed as a juvenile proceeding in 2002, this matter was thereafter transferred to adult status.

[4]Petitioner's original habeas petition is not included in the appendix record.

In June and July of 2014, the circuit court held two show-cause hearings wherein court reporters were ordered to appear and produce petitioner's 2005 sentencing transcript or show cause as to why that transcript could not be produced. At those hearings, two court reporters from Tri-State Reporters, Inc., Donna Evans and Shirley Nigh, testified that the 2005 sentencing transcript could not be located or produced. They explained that another court reporter, Melissa Clark, was assigned to that hearing, but Ms. Clark was not a direct employee of Tri-State in 2005 and she could not be located in 2014 prior to the show-cause hearings. None of Ms. Clark's notes or recordings from the 2005 sentencing hearing could be found, and the court reporters testified that any notes or recordings from the 2005 hearing were likely destroyed after five years, which is their standard time period for record retention. The testimony further revealed that Tri-State was dissolved as a corporation in approximately 2010, and that Ms. Clark suffered a "computer crash" in approximately the same year that Tri-State dissolved. At the conclusion of the hearings, the circuit court found that the parties had exhausted their means to produce the 2005 transcript and permitted the parties to present pleadings on the issue of the missing sentencing transcript.

In November of 2014, following briefing, the circuit court held a hearing on the matter of the missing transcript. The parties presented arguments on the issue. Petitioner claimed that a missing transcript entitled him to habeas relief and immediate release from incarceration under this Court's holding in *State ex rel. Johnson v. McKenzie*, 159 W.Va. 795, 226 S.E.2d 721 (1976). In that case, this Court granted habeas relief to an inmate who was not provided a transcript of his trial after timely requesting the same. *Id.* at 804-05, 226 S.E.2d at 726-27. Respondent argued that *Johnson* was inapplicable to the facts of petitioner's case. Ultimately, the circuit court found that *Johnson* was inapplicable and that petitioner could prove no prejudice from the missing transcript of the sentencing hearing. For those reasons, the circuit court concluded that petitioner was not entitled to habeas relief on that ground and scheduled an evidentiary hearing on the remaining habeas grounds.

In July of 2015, the circuit court held an evidentiary hearing on petitioner's remaining habeas grounds, including his claim of ineffective assistance of counsel. At that hearing, petitioner argued that his trial counsel were ineffective for failing to secure and present sufficient information at the sentencing hearing and in his motion for reconsideration of sentence. Petitioner claimed that if his counsel had presented the circuit court with a risk assessment, diagnosis, and treatment plan, he would have received home incarceration as a sentencing alternative. Petitioner admitted at the hearing that he was evaluated by Dr. Novello prior to his sentencing hearing and that Dr. Novello's evaluation report was filed with the circuit court on the day of sentencing. However, petitioner argued that there was no mention of Dr. Novello's evaluation in the circuit court's sentencing order or the order denying his motion for reconsideration of sentence. In his report, Dr. Novello reportedly concluded that petitioner presented a low risk to re-offend.

R. Steven Redding, petitioner's attorney on his motion for reconsideration of sentence, testified that he discussed the issue of petitioner's psychological evaluation with petitioner's former trial counsel, Ms. Lawson. According to Mr. Redding, he decided that Dr. Novello's evaluation was beneficial to petitioner, and, therefore, he did not obtain a new evaluation for the motion to reconsider sentence. However, Mr. Redding acknowledged that Dr. Novello's report was not attached as an exhibit to the motion to reconsider sentence. Mr. Redding also

acknowledged that he raised no issues with respect to the psychological evaluation in his direct appeal of the denial of petitioner's motion to reconsider sentence.

Ms. Lawson testified that she engaged in lengthy plea negotiations with the State, but either petitioner or the victim's mother rejected each proposed plea agreement, including plea offers from the State in January and May of 2003. She stated that petitioner was unwilling to admit guilt, and the State was unwilling to accept a plea without that admission. She also testified that she obtained Dr. Novello's psychological evaluation report, but did not obtain a treatment plan that would have allowed her to support an argument for probation. She described the sentencing hearing as a "circus" with a crowded courtroom and extra security. She also stated that she did not call Dr. Novello as a witness at sentencing, but she thought she incorporated his report into her sentencing argument for alternative sentencing in the form of a youthful offender program.

Petitioner called several witnesses and testified at the hearing. He claimed that he was only provided with a copy of one plea offer prior to trial, which he believed to be the January of 2003 offer. He claimed that he was not provided with the May of 2003 plea offer from the State until after his trial ended. He further testified that he did not recall Ms. Lawson making an argument for alternative sentencing at the sentencing hearing (although he admitted that she asked for placement in a youthful offender program) and that Mr. Redding did not know about Dr. Novello's psychological evaluation until the day of the hearing on the motion to reconsider.

On November 9, 2015, the circuit court entered its order denying habeas relief to petitioner. The circuit court found that petitioner's former counsel were not ineffective because Dr. Novello's report was filed at the time of sentencing and sufficiently supported petitioner's arguments at sentencing and in his motion for reconsideration. The circuit court also found that his former counsel were not ineffective for failing to obtain a copy of his sentencing transcript because his case was not prejudiced by counsels' failure to obtain that transcript. For those reasons, the circuit court denied petitioner's request for habeas relief. This appeal followed.

This Court reviews appeals of circuit court orders denying habeas relief under the following standard:

> "In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syllabus point 1, *Mathena v. Haines*, 219 W.Va. 417, 633 S.E.2d 771 (2006).

Syl. Pt. 1, *State ex rel. Franklin v. McBride*, 226 W.Va. 375, 701 S.E.2d 97 (2009). Further, a habeas petitioner bears the burden of establishing that he is entitled to the relief sought. *See Markley v. Coleman*, 215 W.Va. 729, 734, 601 S.E.2d 49, 54 (2004) (noting that allegations must have adequate factual support for appointment of counsel, hearing, and/or issuance of writ); Syl. Pts. 1 and 2, *State ex rel. Scott v. Boles*, 150 W.Va. 453, 147 S.E.2d 486, 487 (1966).

4

On appeal, petitioner first argues that the circuit court erred in denying him habeas relief when he has not been provided with the transcript of his sentencing hearing, despite his timely requests. We have held that "Due Process Clause[s] of the state and federal constitutions require[] that a convicted defendant be furnished a trial transcript for which he has made a timely request." *Johnson*, 159 W.Va. at 795, 226 S.E.2d at 721, syl. pt. 1. In *Johnson*, this Court granted a writ of habeas corpus to a criminal defendant who was not provided with a trial transcript upon his timely request for the same. In that case, this Court made clear that

> [r]elief in habeas corpus for failure to provide a transcript within the maximum one-year period authorized by W[est] V[irginia] Code [§] 58-5-4, As amended, where a timely request has been made, operates to discharge the defendant from custody subject to the right of the State to provide a transcript within thirty days.

*Johnson*, 159 W.Va. at 795, 226 S.E.2d at 722, syl. pt. 4.

Further, an indigent criminal defendant who requests a trial transcript shall receive that transcript without charge. *See* W.Va. Code § 51-7-7 (providing that where "where an indigent person has filed a notice of intent to seek an appeal . . . the court . . . upon written request of such convicted person or his counsel, presented within sixty days after the entry of such judgment, shall . . . direct the court reporter to furnish a transcript of the testimony and proceedings of the trial, or such part or parts thereof as such convicted person or his counsel shall have indicated in his request to be necessary, to the convicted person, without charge to him, for use in seeking his appeal or writ of error[.]").

However, this Court has further held that the failure to produce a sentencing hearing transcript does not automatically entitle a criminal defendant to relief. In *State v. Shafer*, 168 W.Va. 474, 284 S.E.2d 916 (1981), no transcript of the defendant's sentencing hearing was produced because the court reporter moved to the State of California with her court notes and could not be located to produce a transcript. In that instance, this Court found that the failure to produce a transcript of the sentencing hearing did not rise to the level of reversible error based on the circumstances of that case. *Id.* at 476-77, 284 S.E.2d at 919. *See also* Syl. Pt. 8, *State v. Graham*, 208 W.Va. 463, 541 S.E.2d 341 (2000) (holding that "[o]missions from a trial transcript warrant a new trial only if the missing portion of the transcript specifically prejudices a defendant's appeal."); *State v. Darrell L.*, No. 13-1208, 2014 WL 6634367 at *3-4 (W.Va. Nov. 24, 2014) (memorandum decision) (finding no reversible error where portion of transcript lost).

In the case sub judice, we find petitioner's reliance on *Johnson* to be misplaced. In *Johnson*, the record at issue was a trial transcript. The lost record at issue in this case is not petitioner's trial transcript. It is undisputed that petitioner's trial counsel, Ms. Lawson, requested the trial transcript in 2005 and received the same without issue. The lost record in this case is the transcript of petitioner's sentencing hearing. Therefore, we find this case more analogous to this Court's decisions in *Shafer*, *Graham*, and *Darrell L.* than to our *Johnson* decision.

Further, we find that petitioner failed to timely request his sentencing transcript. The first request submitted by petitioner or his counsel to the court or court reporter seeking a transcript of the sentencing hearing was made more than five years after that hearing concluded. It was not

until October of 2010 (at which time, no appeal or collateral action was pending in petitioner's criminal case) that petitioner, pro se, submitted a transcript request form seeking a transcript of his sentencing hearing. While petitioner wrote to his trial counsel in 2005 to request a complete copy of his file and all possible transcripts including a transcript of his sentencing hearing, petitioner did not request the sentencing hearing transcript from the court or court reporter at that time. Further, it was not until 2011 that petitioner, by habeas counsel, requested the sentencing hearing transcript in relation to a pending collateral action—almost six years after the sentencing hearing concluded. For those reasons, we disagree with petitioner's characterization that he made a timely request for his sentencing hearing.

Finally, we note that petitioner has failed to establish any prejudice from the loss of the transcript of his sentencing hearing. Petitioner avers that the circuit court may have stated its intention at the sentencing hearing to deny him alternative sentencing and impose a prison term because he invoked his right to stand trial, which he argues would be an impermissible sentencing factor. However, notwithstanding the lost transcript, we find that the circuit court's sentencing order discounts petitioner's claim. In its sentencing order, the circuit court explained its decision to sentence petitioner to the statutory prison term as follows:

> [Petitioner] was convicted of a heinous crime of having sexual intercourse with his five-year-old niece. The crime was planned and calculated, and perpetrated on this child victim who loved and trusted her uncle implicitly. The victim experienced significant emotional complications. [Petitioner] has never at any point accepted responsibility, nor shown any remorse, for committing this crime[.] The victim, the victim's mother, the victim's father, the victim's grandmother, the victim's aunt, the investigating officer, Cpl. Duroff, of the West Virginia State Police, the probation officer, Jon Wright, and the prosecuting attorney all have stated their firm belief that [petitioner] should receive the statutory sentence of incarceration for his conviction. In consideration of all of the above facts, among others, the Court believes that the public good demands [petitioner's] incarceration in this tragic case.

The circuit court's written order clearly shows that it relied upon permissible factors, such as the nature of the offense and petitioner's lack of remorse, to arrive at its sentencing decision. *See Tennant v. Marion Health Care Foundation, Inc.*, 194 W.Va. 97, 106-07 n.5, 459 S.E.2d 374, 383-84 n.5 (1995) (stating that "where a circuit court's written order conflicts with its oral statement, the written order controls"). Therefore, the record on appeal clearly discounts petitioner's claim that he suffered prejudice from the loss of the sentencing hearing transcript due to an alleged impermissible sentencing factor.

To the extent petitioner argues that he was prejudiced by the lost transcript because he needed that transcript to develop his claims of ineffective assistance of trial counsel, we find no merit to this claim. We have previously held that

> "[t]here is a presumption of regularity of court proceedings that remains until the contrary appears, and the burden is on the person who alleges such irregularity to show it affirmatively; and where an order of a court of record is

merely silent upon any particular matter, it will be presumed, notwithstanding such silence, that such court performed its duty in every respect as required by law[.]" Syllabus, in part, *State ex rel. Smith v. Boles*, 150 W.Va. 1, 146 S.E.2d 585 (1965).

Syl. Pt. 2, *State v. J.S.*, 233 W.Va. 198, 757 S.E.2d 622 (2014). Therefore, prejudice must be affirmatively established from the record on appeal, all presumptions being in favor of regularity.

Here, petitioner and his trial counsel testified at the habeas hearing in July of 2015 that they sought alternative sentencing in a youthful offender program. During her testimony, petitioner's trial counsel stated that she did not produce a treatment plan for petitioner at the time of sentencing that would have supported an argument for probation. With this testimony, petitioner was able to admit into evidence during the habeas hearing his trial counsel's alleged failures. Consequently, we find that petitioner has failed to establish prejudice from the loss of the sentencing hearing transcript, particularly where he did not seek a direct appeal of his conviction or sentence at any time. Petitioner's argument that the sentencing hearing transcript would have revealed additional evidence of his trial counsel's alleged failures is mere speculation and does not affirmatively establish prejudice.

Given the timing of petitioner's requests for the sentencing hearing transcript and his lack of established prejudice from the loss of that record, we find no error in the circuit court's denial of habeas relief on this ground. As such, we find no merit to petitioner's first assignment of error.

Petitioner's second assignment of error is that the circuit court erred in denying habeas relief on his claim of ineffective assistance of counsel. Petitioner asserts that his trial counsel, Ms. Lawson, and his counsel for his "motion for reconsideration" of sentence, Mr. Redding, were constitutionally ineffective for failing to properly advocate for petitioner's release on probation. With regard to claims of ineffective assistance of counsel, we have previously held that

> "[i]n the West Virginia courts, claims of ineffective assistance of counsel are to be governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984): (1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syllabus point 5, *State v. Miller*, 194 W.Va. 3, 459 S.E.2d 114 (1995).

Syl. Pt. 3, *Ballard v. Ferguson*, 232 W.Va. 196, 751 S.E.2d 716 (2013). We have also explained that

> In reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks

whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue.

*Miller*, 194 W.Va. 3, 6-7, 459 S.E.2d 114, 117-18, syl. pt. 6. Moreover, we have held that "'[o]ne who charges on appeal that his . . . counsel was ineffective . . . must prove the allegation by a preponderance of the evidence.' Syllabus Point 22, *State v. Thomas*, 157 W.Va. 640, 203 S.E.2d 445 (1974)." Syl. Pt. 4, *State ex rel. Kitchen v. Painter*, 226 W.Va. 278, 700 S.E.2d 489 (2010).

In this case, petitioner claims that his former counsel (1) failed to acquire a psychiatric evaluation and treatment plan that would have allowed petitioner to receive probation as an alternative sentence; and (2) failed to properly argue for probation at the sentencing hearing and in his "motion for reconsideration." Petitioner correctly notes that West Virginia Code § 62-12-2(e) provides that a defendant convicted of first-degree sexual assault "shall only be eligible for probation after undergoing a physical, mental and psychiatric study and diagnosis which shall include an on-going treatment plan requiring active participation in sexual abuse counseling at a mental health facility or through some other approved program[.]" Respondent, on the other hand, asserts that the report prepared by Dr. Novello satisfied the statutory requisite for probation, but the circuit court rejected probation as a possible alternative sentence within its sound discretion.

It is clear from the record on appeal that Dr. Novello's report specifically references the statute providing that a criminal defendant convicted of sexual assault be psychiatrically evaluated prior to being placed on probation. Dr. Novello stated in his report (under the subheading "REASONS FOR REFERRAL") that "West Virginia law requires that, in order to be placed on probation . . . a psychiatric evaluation be conducted to assess the person's danger to the community and to establish a treatment plan." In his report, Dr. Novello detailed petitioner's background, including his physical and mental history and status; evaluated him; and recommended certain conditions for petitioner's potential release on probation. The report was prepared at the behest of petitioner's trial counsel; was filed at the time of the sentencing hearing; and was referenced at the hearing on the motion for reconsideration. Although petitioner makes much of the claim that there is no evidence that the circuit court reviewed Dr. Novello's report in ruling on petitioner's sentence in 2005, we similarly find no evidence that the circuit court did not consider the report. Petitioner fails to cite any authority to support his claim that the circuit court must address a psychiatric report in its written sentencing order when imposing a statutory prison term. Under these circumstances, this Court must presume that the circuit court performed its duties in every respect. *See J.S.*, 233 W.Va. at 200, 757 S.E.2d at 624, syl. pt. 2 (regarding presumption of regularity in court proceedings where order silent on particular matter).

Petitioner further argues that Mr. Redding failed to present the circuit court with a proper psychiatric report and treatment plan with the "motion for reconsideration," which could have supported an argument for probation as an alternative sentence. It is clear from the record that no updated psychiatric report was prepared or filed with the "motion for reconsideration," and, although Dr. Novello's report was referenced, the circuit court stated in its order denying reconsideration that it did not "have any evidence regarding [petitioner's] risk of danger to the public, diagnosis, if any, or proposed treatment plans." However, it is also clear from the record

that Mr. Redding chose to focus on the alternative sentence of a term at a youthful offender program, not solely probation.

At the hearing on the "motion for reconsideration," the State and the circuit court acknowledged that petitioner's prison sentence could be reduced to a term at a youthful offender center, if the circuit court wished to exercise that discretion under the circumstances. So, for those reasons, Mr. Redding's failure to produce an updated psychiatric report and treatment plan cannot be said to have determined the outcome of the circuit court's denial of reconsideration. To the contrary, in denying reconsideration, the circuit court incorporated its findings from the sentencing order and further found that

> This statutory penalty is not disproportionate to the serious felony of which [petitioner] was convicted. Incarceration in a State penal facility is the best means by which the public will remain safe from [petitioner]. [Petitioner's] need for correctional treatment is best provided by his continued commitment to a correctional institution. A reduction in sentence will depreciate the seriousness of [petitioner's] crime.

The circuit court's concern was expressly focused on the nature of petitioner's offense. Therefore, we find that the circuit court did not err in denying habeas relief in relation to Mr. Redding; there is no reasonable probability that the outcome of the "motion for reconsideration" would have been different but for Mr. Redding's alleged deficiencies in failing to properly present evidence or argument on the psychiatric evaluation and treatment plan. Therefore, petitioner failed to satisfy the second prong of the *Strickland/Miller* test. We further note that petitioner's counsel made strategic decisions to seek the imposition of a term in a youthful offender program for petitioner instead of specifically seeking, and presenting evidence in supporting of, probation. This Court will not engage in hind-sight or second-guessing of those decisions under the facts presented here.

As such, we find that the circuit court did not commit error in denying habeas relief to petitioner. Based on the circumstances of this case, we find no errors of constitutional dimension in the loss of his sentencing transcript or in the effectiveness of his counsel.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** February 21, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

9