**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Petitioner Below, Respondent**

**vs.) No. 20-0495** (Kanawha County 18-F-174)

**Michael M.,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Michael M., a self-represented litigant, appeals the March 18, 2020, order of the Circuit Court of Kanawha County denying his motions to "reinstate appellate time rights" and appoint appellate counsel.[1] The State of West Virginia, by counsel Patrick Morrisey and Katherine M. Smith, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Having been previously indicted in January of 2018, petitioner pled guilty to two counts of sexual abuse by a parent, guardian, custodian or person in position of trust and one count of distribution and exhibiting material depicting minors engaged in sexually explicit conduct in March of 2019. In August of 2019, the circuit court sentenced petitioner to two ten-to-twenty-year

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

terms of incarceration, and one five-to-fifteen-year term of incarceration. The court ordered that the three terms would be served consecutively for an aggregate twenty-five to fifty-five-year term of incarceration. The circuit court also ordered that petitioner serve fifty years of extended supervised release, register as a sex offender for life, and have no contact with his victim. Later in August of 2019, petitioner, by counsel, filed a motion for reduction of sentence, which the circuit court denied in September of 2019.

In February of 2020, without the assistance of counsel, petitioner filed a "motion to reinstate appellate time rights and a motion for the appointment of appellate counsel." In his motions, petitioner requested that the circuit court "reinstate the period of time within which to file a notice of appeal." He asserted that his trial counsel "did not advise him about his rights to perfect the appellate petition" and had "abandoned him."

The circuit court ultimately denied petitioner's motion. It addressed petitioner's motion as a request for an extension of time under Rule 5 of the West Virginia Rules of Appellate Procedure. The court found that petitioner had failed to comply with that rule, in that he had not filed a notice of intent to appeal or a motion to extend the time frame to appeal with this Court. Furthermore, the circuit court found that petitioner's motion for appellate counsel was moot based on its denial of petitioner's other motion. The circuit court's March 18, 2020, order memorialized its decision denying petitioner's motions. Petitioner now appeals this order.

Our standard of review has been stated as follows:

> "In reviewing challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review." Syl. Pt. 2, *Walker v. West Virginia Ethics Commission,* 201 W.Va. 108, 492 S.E.2d 167 (1997).

Syl. Pt. 1, *State v. Meadows*, 231 W. Va. 10, 743 S.E.2d 318 (2013).

On appeal, petitioner asserts two assignments of error: the circuit court erred in denying his motion to "reinstate appellate time rights," and the circuit court erred in denying his motion for appellate counsel. However, petitioner does not challenge any of the circuit court's findings of fact or conclusions of law.

We find no error in the circuit court's analysis and decision based upon Rule 5(f) of the West Virginia Rules of Appellate Procedure, which follows:

> (f) Perfecting the appeal—timing. Unless otherwise provided by law, an appeal must be perfected within four months of the date the judgment being appealed was entered in the office of the circuit clerk; provided, however, that the circuit court from which the appeal is taken or the Supreme Court may, for good cause shown, by order entered of record, extend such period, not to exceed a total extension of

two months, if a complete notice of appeal was timely and properly filed by the party seeking the appeal. If a motion for leave to extend the time for perfecting an appeal is filed with the circuit court, a copy of the motion must be filed with the Clerk of the Supreme Court, and the order of the circuit court ruling on the motion must also be provided to the Clerk of the Supreme Court. A motion that is filed with this Court to extend time to perfect an appeal must comply with Rule 29 and must state with particularity the reasons why an extension is necessary. . . .

This rule reflects the statutory jurisdiction for appellate relief set forth in West Virginia Code § 58-5-4.[2] *See State ex rel. Johnson v. McKenzie*, 159 W. Va. 795, 803, 226 S.E.2d 721, 726 (1976) ("The statute proscribing the appeal period is mandatory and jurisdictional."). As the circuit court found, petitioner did not meet the requirements for an extension of his appellate time period. He had not filed a complete notice of intent to appeal nor had he filed a motion to extend the time frame to appeal with this Court. Accordingly, the circuit court did not err in denying petitioner's motion. Furthermore, as the circuit court properly denied petitioner's motion to reinstate his appellate time rights, his motion for appellate counsel was properly mooted. *See Israel by Israel v. W. Va. Secondary Sch. Activities Comm'n*, 182 W. Va. 454, 457, 388 S.E.2d 480, 483 (1989) ("'Moot questions or abstract propositions, the decision of which would avail nothing in the determination of controverted rights of persons or of property, are not properly cognizable by a court.'" (internal citation omitted)).

Petitioner argues, for the first time on appeal, that he has the right to be resentenced for the purpose of appeal due to his counsel's failure to file such an appeal. "Our general rule in this regard is that[] when nonjurisdictional questions have not been decided at the trial court level and are then first raised before this Court, they will not be considered on appeal." *Noble v. W. Va. Dep't of Motor Vehicles*, 223 W. Va. 818, 821, 679 S.E.2d 650, 653 (2009) (quoting *Whitlow v. Bd. of Educ.*, 190 W. Va. 223, 226, 438 S.E.2d 15, 18 (1993)). While we will not consider this argument on appeal, we note that nothing in this decision prevents petitioner from filing a motion for resentencing for the purpose of appeal, if he so chooses.[3]

---

[2]West Virginia Code § 58-5-4 provides that

[n]o petition shall be presented for an appeal from any judgment rendered more than four months before such petition is filed with the clerk of the court where the judgment being appealed was entered: Provided, That the judge of the circuit court may, prior to the expiration of such period of four months, by order entered of record extend and reextend such period for such additional period or periods, not to exceed a total extension of two months, for good cause shown, if the request for preparation of the transcript was made by the party seeking such appellate review within thirty days of the entry of such judgment, decree or order.

[3]"[W]hen counsel fails to file a requested appeal, a defendant is entitled to resentencing and to an appeal without showing that this appeal would likely have had merit." *Perquero v. United*

(continued . . .)

3

For the foregoing reasons, we find no error in the circuit court's March 18, 2020, order.

Affirmed.

**ISSUED**: October 1, 2021


**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

---

*States*, 526 U.S. 23, 28 (1999) (emphasis added). "The constitutional right to appeal cannot be destroyed by counsel's inaction or by a criminal defendant's delay in bringing such to the attention of the court, but such delay on the part of the defendant may affect the relief granted." Syl. Pt. 8, *Rhodes v. Leverette*, 160 W. Va. 781, 239 S.E.2d 136 (1977). Ordinarily, the appropriate relief for the denial of the right to appeal is a resentencing, to begin anew the four-month appeal time set forth in Rule 5(f) of the West Virginia Rules of Appellate Procedure and West Virginia Code § 58-5-4, and the appointment of appellate counsel. *See Carter v. Bordenkircher*, 159 W. Va. 717, 726, 226 S.E.2d 711, 717 (1976). This Court has directed circuit courts to provide such relief when defendants have requested resentencing for the purpose of appeal prior to or as part of a petition for writ of habeas corpus. *See State v. Echard*, No. 11-1047, 2012 WL 3104241 (W. Va. May 29, 2012)(memorandum decision); *State v. Joseph C.*, No. 19-0584, 2020 WL 5269751 (W. Va. Sept. 4, 2020)(memorandum decision); *State v. Higgins*, No. 19-0893, 2020 WL 5092917 (W. Va. Aug. 28, 2020)(memorandum decision); *State v. Dumire*, No. 19-0898, 2020 WL 6482747 (W. Va. Nov. 4, 2020)(memorandum decision).

4