**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**v.)  No. 23-28** (Grant County 17-F-66)

**Brenda S. Cook,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Brenda S. Cook appeals the Circuit Court of Grant County's May 13, 2022, final order directing that she pay for her trial transcripts and garnishing her prison earnings for that purpose.[1] Because this case presents no substantial question of law, we find that it satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure and is appropriate for resolution in a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the circuit court is vacated, and this case is remanded to the circuit court for entry of an order consistent with this decision.

In 2019, the petitioner was convicted by a jury of fourteen counts of obtaining money by false pretenses and eight counts of uttering. At trial, the petitioner was represented by retained counsel. The circuit court sentenced her to serve an indeterminate term of eight to eighty years of imprisonment and to pay $14,000 restitution. After the sentencing hearing, the petitioner filed a financial affidavit and asked the court to appoint an attorney to assist with her appeal. The court found the petitioner qualified for court-appointed counsel and appointed Lawrence E. Sherman to represent her. Mr. Sherman filed a notice of appeal and appellate transcript request form, and this Court entered a scheduling order that required the court reporter to produce the requested transcripts.[2] After this Court disposed of her appeal, the petitioner paid the restitution and discovered that the circuit court had assessed the costs of the appellate transcripts against her, in the amount of $4,154.15. The petitioner also learned that 40% of her earnings from work assignments at Lakin Correctional Center were being garnished to pay for the transcripts.

---

[1] The petitioner appears by counsel Jason T. Gain, but she was self-represented when she filed her briefs. This Court appointed Mr. Gain to represent the petitioner after briefing was complete. The respondent appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General William E. Longwell.

[2] This Court affirmed the petitioner's convictions in *State v. Cook*, No. 19-0635, 2020 WL 7389383 (W. Va. Dec. 16, 2020) (memorandum decision).

Subsequently, Mr. Sherman and John G. Ours, the prosecuting attorney for Grant County, submitted an agreed order to the circuit court finding the petitioner was not responsible for paying the cost of the appellate transcripts because she qualified for court-appointed counsel. The order explained that Mr. Sherman incorrectly used the petitioner's circuit court case number, rather than this Court's case number, when he submitted a direct expense voucher for payment of the transcript fees by Public Defender Services. The agreed order also provided that the petitioner's income from Lakin Correctional Center would not be garnished to pay for the transcripts. The circuit court entered the agreed order on April 25, 2022, but on May 2, 2022, the court sua sponte vacated this order and scheduled a hearing. After the hearing, the court entered an order recognizing that the petitioner retained counsel for her trial and finding that, although the petitioner financially qualified for a court-appointed attorney for the purposes of appeal, West Virginia Code § 51-7-7 "does not relieve the [petitioner] of payment of the cost of the transcripts." The court further found that this statute "only allows for a transcript to be prepared and the indigent defendant not being required to pay for the transcript prior to receiving it." The petitioner appeals from this order.

The petitioner argues that the circuit court erred when it assessed the costs of the transcripts against her. The petitioner also argues that her court-appointed attorney, Mr. Sherman, received one copy of the transcripts for use in the appeal of her convictions, which should have been provided without charge to her. When this Court reviews

> challenges to the findings and conclusions of the circuit court, we apply a two-prong deferential standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard, and we review the circuit court's underlying factual findings under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 1, in part, *State v. Meadows*, 231 W. Va. 10, 743 S.E.2d 318 (2013) (citing Syl. Pt. 2, *Walker v. W. Va. Ethics Comm'n*, 201 W. Va. 108, 492 S.E.2d 167 (1997)).

This Court has long held that "[a]n indigent criminal defendant has a right to appeal [her] conviction. [She] is also constitutionally entitled to a copy of the trial court record, including the transcription of the testimony, without cost to [her]. West Virginia Constitution, Article III, Sections 10 and 17." Syl. Pt. 1, *Rhodes v. Leverette*, 160 W. Va. 781, 239 S.E.2d 136 (1977), *accord* Syl. Pt. 1, *Call v. McKenzie*, 159 W. Va. 191, 220 S.E.2d 665 (1975). The *Call* court "further observed that this is a constitutional right, commenting that 'the denial of a free transcript . . . is unconstitutional.'" *State ex rel. Tackett v. Poling*, 243 W. Va. 266, 271, 843 S.E.2d 518, 523 (2020) (quoting *Call*, 159 W. Va. at 193, 220 S.E.2d at 668). In *Poling*, we held that an indigent inmate was entitled to "one free copy of transcripts and other matters of record." *Id.*

In this case, it is undisputed that the circuit court found the petitioner financially qualified for a court-appointed attorney, and the court appointed Mr. Sherman to represent the petitioner in her appeal. It is also undisputed that Mr. Sherman timely filed a notice of appeal and appellate transcript request. Under these circumstances, the petitioner has substantially complied with the requirements of West Virginia Code § 51-7-7 and "is entitled to a free transcript" for use in her appeal. Syl., *State ex rel. Hamrick v. Coiner*, 156 W. Va. 17, 189 S.E.2d 846 (1971); *see* W. Va. Code § 51-7-7 (providing that an indigent person, who is convicted of a crime and is seeking an

2

appeal, is entitled to transcripts of "the testimony and proceedings of the trial . . . without charge" if the person files a transcript request within sixty days after entry of judgment). Consequently, we vacate the court's May 13, 2022, order and remand this case with directions for the circuit court to determine if the court provided the petitioner with more than one free copy of the transcripts. If the court did not provide the petitioner with more than one free copy of the transcript, the court is directed to enter an order that reimburses the petitioner's inmate account for the money she has already paid for the transcripts and halts the garnishment of funds from her inmate account for payment of the transcripts.

For the reasons stated above, the Court vacates the Circuit Court of Grant County's May 13, 2022, order, and remands with directions.

Vacated and remanded with directions.

**ISSUED:** June 10, 2023

**CONCURRED IN BY:**
Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn